Plaintiff alleges that he received an injury to his back and chest on October 28, 1942, while working for the defendant Blair; that some lumber which he was carrying fell across his lower chest and he struck his back against some lumber, causing serious sacro-iliac strain and chest injuries; that his employer was notified of the injury, and he was treated by his employer's physician for about seven weeks and was paid compensation for the injury up to December 25, 1942, but since said date the defendants have failed to pay him any further compensation or furnish him further medical treatment. He alleges that he is totally and permanently disabled by reason of said injury and filed this suit against his employer and the Central Surety and Insurance Corporation, for compensation at the rate of 65 per cent of his weekly wage of $21.72 for a period of 400 weeks, less the amount already paid of $112.96.
The suit was filed on December 24, 1943, and the defendants filed a plea of prescription or peremption, alleging that the last payment of compensation was made to plaintiff on December 14, 1942, by two drafts for $14.04 each which represented compensation payments through December 15, 1942; that the last payment was made more than one year prior to the filing of the suit, and for that reason the claim of the plaintiff for compensation, if he ever had any such claim, has prescribed or perempted.
This plea was set down for trial, and on the day of the trial, plaintiff filed, over the objection of defendants, a supplemental petition, alleging that he was assured by the physician of his employer on or about December 15, 1942, that he had recovered from his disability resulting from the accident, and he did not become aware of the extent and degree of his disabilities until January, 1943, when he again undertook to work, and found that he was physically unable to do so, and thereafter learned from a physician of his own choice the extent and degree of his disabilities.
The trial judge sustained the plea of prescription or peremption and dismissed plaintiff's suit. From this judgment of dismissal, plaintiff has appealed.
On the trial of the plea defendants introduced the last two drafts paid to plaintiff as compensation. Both of these drafts are dated December 14, 1942, and were drawn by the attorney for the defendants in favor of plaintiff, and were drawn on the Insurance Company above named and made payable through the City National Bank Trust Company of Kansas City, Mo. Each *Page 579 
draft on its face states the period for which it covers compensation, one from Oct. 28th through November 3d 1942, and the other from December 9th through December 15, 1942. Both drafts were endorsed by the plaintiff and cashed by him at two banks in Many, Louisiana, on December 22, 1942. The drafts were paid in Kansas City on December 28, 1942.
The first contention of counsel for the plaintiff is that, while these drafts were cashed by plaintiff on December 22, 1942, they were not paid by the drawee until the 28th of that month; that the date of payment of a draft is the date on which the drawee accepts or pays the draft, and not the date on which the payee obtains the draft.
Section 31 of Act No. 20 of 1914, the Compensation Law, as amended by Act No. 29 of 1934, Dart's Statutes, § 4420, provides that all claims for compensation shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under the act or unless proceedings have been begun within said period in accordance with the act. Where payments have been made in any case, the limitations shall not take effect until the expiration of one year from the time of making the last payment. So if the last payment of compensation was made when the plaintiff received the money on these drafts on December 22, 1942, it is obvious that his claim was prescribed when the suit was filed on December 24, 1943, a year and two days after the time of making the last payment. If the payment was not made until the drafts were paid by the drawee in Kansas City on December 28, 1942, it is equally obvious that a year had not elapsed from the time of making the last payment until the suit was filed.
[1-3] A bill of exchange or check does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof, and the debt for which the draft was given is not discharged until the draft is paid, unless there is an express or implied agreement to the effect that the draft or check is accepted as payment. Negotiable Instruments Law, Act No. 64 of 1904, § 127; Dunlap v. Whitmer et al.,133 La. 317, 62 So. 938, Ann.Cas.1915C, 990. However, where a check or draft is cashed by the payee and the instrument is paid by the one on whom it is drawn, the payment is deemed to have been made in cash. 40 Am.Jur. p. 771, Section 81. In Section 86, p. 775, of the same volume, the following statement is made:
"Payment by bill or check becomes absolute payment of the debt when the check is paid on presentation. On such payment of the check, the debt is deemed to have been discharged from the time the check was given."
[4] The draft for the last payment of compensation is dated December 14, 1942, and shows on its face that it was issued to cover compensation due the plaintiff for the week ending December 15, 1942. Plaintiff testified that he received this draft "just a little bit before Christmas." He cashed the draft on December 22, 1942, and the last payment of compensation was made to him on that date. He had one year from that date in which to file a suit for further compensation, and having failed to do so his claim is barred by the peremptory provisions of the statute, unless he can show that the prescriptive or peremptive period was interrupted.
[5] The second contention of the plaintiff is based on the last sentence of Section 31 of the Compensation Law wherein it is provided that if the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until after the expiration of one year from the time the injury develops, not however, more than two years from the date of the accident. This contention is clearly without merit as the injury in this case, according to plaintiff's own petition, developed at the time of the accident or immediately thereafter. After describing the manner in which he was injured, plaintiff alleges that he became immediately sick and dizzy and suffered much pain; that he reported his injury to the officials of his employer and received medical treatment from his employer's physician for about seven weeks, and received compensation for his injury.
Plaintiff testified that the doctor who was treating him told him that he could go back to work; that about the middle of January, 1943, he tried to go back to work, but found that he was still disabled. He does not show that his employer misled him in any way as to his claim for further compensation. If he was disabled in January, 1943, this disability resulted from the same injury which developed at the time of the accident, and for which he was paid the last compensation on December 22, *Page 580 
1942. He had a year from that date in which to determine the extent of any further disability resulting from the accident, but he failed to file his suit for further compensation within the statutory limit. See Hannafin v. Pelican Cracker Factory, Inc., La. App., 185 So. 479.
For the reasons assigned, the judgment appealed from is hereby affirmed.