174 So.2d 878 (1965)
Mrs. Clara SMITH, Wife of and Joseph G. SELIGA
v.
AMERICAN MUTUAL LIABILITY INSURANCE CO.
No. 1813.
Court of Appeal of Louisiana, Fourth Circuit.
May 3, 1965.
Thomas N. Lennox and Lee C. Grevemberg, New Orleans, for plaintiffs-appellants.
Merritt & Jerry, Charles G. Merritt and Edward P. Jerry, New Orleans, for defendant-appellee.
Before McBRIDE, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
This suit for total and permanent disability benefits under the Workmen's Compensation Act was filed on November 23, 1962. Plaintiffs are husband and wife. The wife was the injured party and she sues for compensation; the husband seeks medical and incidental expenses incurred as a result of the injury. Defendant is the compensation insurer of the wife's former employer, Wm. B. Reilly Co. The petition alleges Mrs. Seliga was injured on July 18, 1961 while in the course and scope of her employment with Wm. B. Reilly Co. and that the defendant paid her workmen's compensation for that injury from July 19, 1961 through November 21, 1961. Defendant filed an exception of prescription of one year to the petition. After a hearing there was judgment maintaining the exception and dismissing the suit. Plaintiffs have appealed from that judgment.
The exception was heard and disposed of solely on the basis of the pleadings and two exhibits received in evidence by stipulation. The exhibits were: (1) a letter dated November 29, 1961 from defendant's claims manager to plaintiffs' attorney stating that, in reliance upon a doctor's report to the effect that Mrs. Seliga was no longer disabled as of November 21, 1961 and as she had been paid compensation through that date, no further compensation payments would be made; and (2) a somewhat unclear photostat (it appears to be a photostat of a copy of the instrument) of the face of a check for $35, dated November 21, 1961, payable to Mrs. Seliga and her attorney, and containing notations that the $35 was in payment of the amount due under the *879 Workmen's Compensation Act for the period November 15, 1961 through November 21, 1961.
The exception is based on a prescription or peremption provision (Brister v. Wray Dickinson Co., La.App., 183 La. 562, 164 So. 415) of LSA-R.S. 23:1209, the pertinent portion of which statute reads as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment." (Emphasis ours.) LSA-R.S. 23:1209.
The question thus presented is whether or not one year had expired from the time of making the last payment to the date on which the suit was filed. We know the suit was filed on November 23, 1962. But on the basis of the record before us we cannot determine the time the last payment was made.
The last payment in the instant case was made by check. And in the absence of a specific agreement to the contrary, a check or draft is a conditional payment; when the instrument is honored on presentation, it constitutes payment as of the date it was received. Ray v. Canal Bank & Trust Co., 186 La. 547, 173 So. 101; Langridge v. Dauenhauer, 120 La. 450, 45 So. 387; Mancuso v. Equitable Life Assurance Soc. of U. S., La.App., 151 So.2d 511.
We are aware of the case of Richard v. Blair, La.App., 20 So.2d 577, in which the court said the last payment of compensation therein was made on the date the draft was cashed. But in Richard the draft was cashed on December 22, the instrument was honored by the drawer on December 28, and the contention was that the last payment actually had been made on the latter date. Prescription or peremption had run on December 22 and it was unnecessary for the court to consider whether or not payment had been made prior to that date. The statement was only dictum unnecessary to the decision and in conflict with the authority cited in support thereof. The authority cited is to the effect that payment by bill or check becomes absolute payment of the debt when the same is paid on presentation and, on such payment, the debt is "deemed to have been discharged from the time the check was given."
It is necessary to remand the instant case for the purpose of determining the date on which the check was received by Mrs. Seliga or her attorney. If the instrument was cashed, and we believe that it was, the time of making the last payment of compensation within the purview of LSA-R.S. 23:1209 was the date of actual receipt. Assuming the check was honored when presented, if one year had not expired between the time of its receipt and the time this suit was filed, the exception must be overruled. If one year had expired between the time of receipt and the date on which suit was filed, the exception must be maintained and the suit dismissed.
For the reasons assigned, the judgment appealed from is set aside and annulled and this matter is remanded to the Civil District Court for the Parish of Orleans, Division G to determine: (1) the date on which the check in question was received; and (2) whether plaintiffs' claim is perempted by the one year limitation. The trial court is directed to take such further proceedings and render such judgment or *880 judgments as are consistent with the views herein expressed and according to law. All costs of both courts are to await a final determination.
Set aside and remanded.