ON MOTION TO DISMISS
Before LOTTINGER, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
The plaintiff-expropriating authority filed a peremptory exception of prescription to the defendant-landowner’s answer and reconventional demand. The trial judge dismissed the exception, and the plaintiff made application to this Court for writs of certiorari, prohibition and mandamus. After considering the application, this Court refused to issue writs for the reason that plaintiff-applicant sought relief from an interlocutory judgment but had made no showing of irreparable injury.
Although plaintiff actually exhausted its appellate remedies upon first applying for writs it now brings the identical matter before us again but this time by the vehicle of an appeal.
We dismiss the appeal from this interlocutory judgment for the same reason that we refused to issue the writ previously. LSA-C.C.P. Art. 2083.[1] Plaintiff’s argument that a trial on the merits may result in a larger judgment against it is not judicially considered by us to be irreparable injury within the contemplation of Article 2083 so as to justify entertaining an appeal from an interlocutory decree. See Green v. New Orleans Public Service, Inc., 194 So.2d 398 (La.App. 4th Cir. 1967).
Appeal dismissed.

. LS A-C.C.P. Art. 2083 reads as follows :
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether • rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”