FORET, Judge.
This is an appeal by Grimes, Austin & Stark, Inc. from a judgment dismissing its rule to evict lessee (defendant L. Stark, Inc.) from its premises situated in Alexandria, Louisiana. As errors of the trial court, plaintiff-appellant assigns:
1. The trial court erred in refusing to permit plaintiff to introduce parol evidence as to an increase in monthly rentals;
2. The trial court erred in not making a finding that defendant did not timely make its rental payment.
I
PAROL EVIDENCE
In the April 22, 1976, sub-lease agreement between Sub-Lessor Grimes, Austin & Stark, Inc., and Sub-Lessee, L. Stark, Inc. was the following provision:
Sub-Lessee shall pay to Sub-Lessor for rent for the Sub-Leased premises the sum of ONE THOUSAND TWO HUNDRED SEVENTY-FIVE AND NO/100 ($1,275.00) DOLLARS, per month, monthly in advance, the first such payment being due and payable on the first day of January, 1976, and a like sum being due and payable on or before the first day of each and every month thereafter, or such other rental payments as the parties hereto may from time to time agree upon, all the rental payments shall be due and payable at the offices of the Sub-Lessor in Jacksonville, Cherokee County, Texas. (Emphasis added.)
At trial, plaintiff-appellant contended that the above lease provision was unclear and ambiguous and, based upon that contention, sought to introduce parol evidence as to the intention of the contracting par *909 ties. The trial court was not of that opinion. As a proffer of proof, J. N. Grimes and Jeff Austin, Jr., officers and members of the board of directors of plaintiff-appellant corporation, testified that at the December 19, 1975, meeting of the directors and shareholders of Grimes, Austin & Stark, Inc., an agreement was reached as to provisions of the prospective lease contracts that were to be executed with defendant, L. Stark, Inc., and that it was understood that at the end of each calendar year, plaintiff-appellant would hold a meeting and decide upon the monthly rental to be paid by defendant for the following calendar year. Grimes and Austin also testified that at the December 21, 1976, shareholder and board of director meeting of plaintiff, a resolution was adopted whereby the monthly rental to be paid by defendant in the calendar year 1977 was increased to $1,675.00; that defendant was so notified; and that defendant failed to pay the new January monthly rental.
The trial court found that the rental provision of the lease was clear and concise. With that ruling, we agree. The amount of the monthly rental, the date upon which it was to be paid, and the place where it was to be paid, were specifically set out.
Any change in the monthly rental to be paid, as provided for in the rental provision —“or such other rental payments as the parties hereto may from time to time agree upon” — would have required a subsequent agreement to that effect. C.C. Art. 2276; Lakeshore, Inc. v. Sarafyan, 225 So.2d 15 (La.App. 4 Cir. 1969).
II
TIMELY PAYMENT OF RENT
A sub-lease agreement between the parties to this suit detailed those instances and conditions under which the sub-lease could be terminated.
“Sub-Lessor may terminate this lease and the term demised upon the happening of any one or more of the following events: . (5) The failure of Sub-Lessee to pay any installment of rent or any other charge or money obligation herein required to be paid by Sub-Lessee within ten (10) days after written notice, or to perform any other of its covenants under this Sub-Lease within thirty (30) days after written notice.” [Emphasis provided]
According to the very language of that provision, where the sub-lessee does not pay its monthly rent on the first of the month, the sub-lease can be cancelled only after ten (10) days have elapsed after the sub-lessee has been notified of its delinquency in payment of rent.
In this case, plaintiff never sent, and defendant never received, any notice of delinquency in payment of rent and of the ten-day grace period within which rent could be paid. The first notice of the nonpayment of rent was the notice to vacate, which was delivered to defendant, L. Stark, Inc., on January 4, 1977. Some eight days later, plaintiff received from defendant a check in payment of rent, which check was not endorsed, negotiated, cancelled, or dishonored, but which was mailed back to defendant.
In the sub-lease contract, there was no provision as to the manner in which rent was to be paid. Thus, the receipt of the check by plaintiff was a conditional payment of rent. Seliga v. American Mutual Liability Ins. Co., 174 So.2d 878 (La.App. 4 Cir., 1965). We quote from Seliga:
“ . . . And in the absence of a specific agreement to the contrary, a check or draft is a conditional payment; when the instrument is honored on presentation, it constitutes payment as of the date it was received. Ray v. Canal Bank & Trust Co., 186 La. 547, 173 So. 101; Langridge v. Dauenhauer, 120 La. 450, 45 So. 387; Mancuso v. Equitable Life Assurance Soc. of U. S., La.App., 151 So.2d 511.
We affirm this ruling of the trial court.
All costs of this appeal are to be borne by Grimes, Austin & Stark, Inc., plaintiff-appellant.
AFFIRMED.