349 So.2d 439 (1977)
Frederick YOUNGBLOOD
v.
BELDEN CONCRETE PRODUCTS, a Division of Marine Concrete Structures, Inc. and United States Fidelity & Guaranty Company.
No. 8582.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
Rehearing Denied September 8, 1977.
Writ Refused November 4, 1977.
Jefferson, Bryan & Gray, William J. Jefferson, New Orleans, for plaintiff-appellant.
Murphy & Simon, James C. Murphy, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
*440 SCHOTT, Judge.
Plaintiff has appealed from a dismissal of his workmen's compensation claim on an exception of prescription filed by defendants. The case was decided on the basis of plaintiff's petition, there being no testimony or other evidence before the trial court.
In his petition entitled "Petition in Suit for Workmen's Compensation, Penalties, Damages and Reinstatement" plaintiff alleged: He was employed by defendant Belden as a laborer at $4.43 per hour and was injured on the job on November 13, 1974. He was given medical care at the expense of his employer and compensated at $65.00 per week from November 13, 1974, through February 3, 1975, when defendant's physician discharged him and recommended that he return to his former occupation. Still feeling pain, he saw another physician who released him for work in April, 1975. Shortly thereafter he presented himself to defendant for work and was told that his job was terminated. He prays for compensation at the maximum rate between February 3 and April 3, 1975, together with penalties and attorney's fees.
The petition was filed on April 8, 1976.
Until amended by Act 583 of 1975, LSA-R.S. 23:1209 provided simply for a one-year prescription from the time of the accident or from the time of the last payment. However, the 1975 amendment added the proviso "that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment." The trial judge apparently concluded that this is not a case of partial disability so that the one year prescriptive period applies.
The amendment to the statute is somewhat difficult to understand. If interpreted to mean that a plaintiff who alleges a case of partial disability with payments made therefor has three years in which to bring suit, while the plaintiff who alleges a case of total disability with payments made therefor has only one year in which to bring suit, the result seems absurd. The defendant in the case of alleged partial disability could invoke the prescription of one year if he could prove that plaintiff was totally and not partially disabled. A more reasonable interpretation can be found from a reading of the statute as a whole:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
We interpret the statute to mean that where the parties agreed that the payments were being made for total disability the one year prescriptive period applies but in the absence of such agreement the payments are presumed to be for partial disability with the resulting application of a three year prescription. This seems more realistic in view of the fact that an injured workman normally makes a gradual recovery, i.e., he may be totally disabled at the inception of the period of disability but is only partially disabled just prior to discharge from medical care. Thus, in many cases the last compensation payments are in reality made for partial disability in the absence of an agreement to the contrary.
Since plaintiff does not allege there was an agreement that the payments were made for total disability and since the benefits paid to him would be the same for total or partial disability, we cannot say plaintiff's claim has prescribed.
*441 Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Frederick Youngblood, and against the defendants, Belden Concrete Products, a Division of Marine Concrete Structures, Inc. and United States Fidelity and Guaranty Company, overruling their exceptions of prescription. The case is remanded to the district court for further proceedings. The costs of this appeal are assessed against defendants, and the assessment of all other costs is to be made by the trial court.
REVERSED AND REMANDED.