360 So.2d 235 (1978)
James W. WRIGHT
v.
AETNA LIFE AND CASUALTY COMPANY.
No. 12047.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
*236 Kramer & Davis, James D. Davis and James M. Buck, Alexandria, for plaintiffappellant.
Charles M. Hughes, Bogalusa, for defendant-appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the dismissal of his suit in workmen's compensation for total and permanent disability on a peremptory exception of prescription.
The issues are the validity of the finding that the suit was filed more than one year after the date of last payment, the validity of the finding that the three year prescriptive period for partial disability is inapplicable and the validity of the dismissal without an opportunity to amend.
We reverse and remand.
Plaintiff was injured while working at Bell Aero Space. Aetna Casualty and Surety, Bell's insuror, made payments for total disability through July 27, 1976. The petition was filed on August 3, 1977.
The applicable prescriptive period to the claim for total disability is one year from the date of either injury or last payment. Plaintiff claims that defendants have failed to meet their burden of proof since they did not show that the check was actually paid on August 2, 1976. We disagree. Plaintiff deposited the last check on that date; he received the check on or before that date. Plaintiff does not contest that the check was later honored by Aetna. Since the check was cashed, the date of last payment for purposes of prescription is the latest date that the check could have been received by plaintiff. Seliga v. American Mutual Liability Insurance Co., 174 So.2d 878 (4th Cir. 1965); and see Price v. Gas & Well Operating Service, 267 So.2d 598 (La. App. 3rd Cir. 1972), writs refused, 263 La. 625, 268 So.2d 680 (1972).
Plaintiff also claims that the one year period is inapplicable because defendant lulled him "into a false sense of security, causing him to withhold suit until after the period was expired, . . ."[1] This, he asserts, results from an offer to compromise prior to the suit being filed. We find no misstatements that would confuse the plaintiff as to the date that his claim prescribed. Price, supra.
We agree with the trial court that the claim for total and permanent disability has prescribed.
Plaintiff also argues that the letter containing the offer to compromise on a partial disability basis should be given the effect of misleading him as to the applicable prescriptive period. Dupaquier, supra, and Price, supra. We find no such misleading effect. The letter does not refer to the applicable time period. Despite the offer to compromise on a partial disability basis, plaintiff chose to file a claim only for total and permanent benefits in this suit.
*237 Plaintiff also assumes in brief that the three year prescription period applies to a loss of a physical function. We find no such change made by the amendment to LSA-R.S. 23:1209.
Plaintiff asserts that the claim for total and permanent disability necessarily includes the claims for partial disability and loss of a physical function; that these would carry a three year prescriptive period. LSA-R.S. 23:1209 states in part:
". . . in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. * * *"
Whether or not claims for total disability and for partial disability be two causes of action or merely different remedies in one cause of action, the legislature has made a distinction for purposes of prescription. Plaintiff has asked for relief for only total and permanent disability. This claim, as stated above, has been prescribed.
However, under LSA-C.C.P. Art. 934, if the grounds of the objection may be removed by amendment, the court shall allow a delay to amend. We note that plaintiff's counsel argued that leave to amend should be afforded. The court was in error in not granting that leave. We therefore remand with instructions that leave to amend be granted within a reasonable time. Costs of this appeal are taxed to the appellees. All other costs are to await the outcome of the case.
REVERSED AND REMANDED.
NOTES
[1] Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972).