COLE, Judge.
Plaintiff, Milton Batiste, appeals a judgment of the trial court which dismissed his suit for workmen’s compensation against Hartford Insurance Company on a motion for summary judgment.
Batiste filed this suit on September 22, 1977, against Hartford Insurance Company and Fireman’s Fund Insurance Company seeking benefits for total and permanent disability. He alleged that he injured his back on August 21,1973, while acting in the course and scope of his employment at St. Paul’s School in Covington, when he lifted a steel step on the roof of a building. Batiste also alleged that he again sustained injuries to his back in 1974 and that he subsequently suffered several other straining incidents at work. He maintained that the series of job related strains resulted in a ruptured disc which required a lumbar laminectomy on August 23, 1976, and which rendered him totally and permanently disabled.
Batiste subsequently amended his petition to include New Hampshire Insurance Company as an additional defendant.
Defendant, Hartford, filed a peremptory exception of prescription citing LSA-R.S. 23:1209. Attached to this exception was an affidavit of Richard F. Mahoney, Hartford’s Claim Supervisor, stating that compensation benefits were paid to Batiste for the injury in 1973 and that the last payment was made on September 10, 1974. Additionally, Hartford filed a motion for summary judgment founded on its contention that plaintiff’s suit had prescribed, and attached thereto a copy of its exception of prescription, the affidavit of its claims supervisor and a copy of plaintiff’s deposition.
The trial court considered this evidence, as well as an affidavit of the plaintiff in opposition to the motion for summary judgment, and granted the summary judgment in favor of Hartford.
Plaintiff contends, on appeal, that there are numerous material issues of fact unresolved in this case which preclude the granting of a summary judgment. Particularly, he maintains that there are factual issues surrounding the dates on which the accidents occurred and consequently the time from which the delays in LSA-R.S. 23:1209 began to run.
LSA-R.S. 23:1209 provides:
“In case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment except, that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Prior to its amendment by La.Acts 1975, No. 583 (effective September 1, 1975), LSA-R.S. 23:1209 provided a one-year period of limitation for a suit to recover workmen’s compensation from the time of the *135 accident or from the time of the last payment. The 1975 amendment added the proviso that a three-year period of limitation from the time of the last payment is applicable in cases of partial disability.
The Fourth Circuit in Youngblood v. Belden Concrete Products, 349 So.2d 439, 440 (La.App. 4th Cir. 1977) interpreted this amendment to mean “that where the parties agreed that the payments were being made for total disability the one year prescriptive period applies but in the absence of such agreement the payments are presumed to be for partial disability with the resulting application of a three year prescription.”
In the instant case, the affidavit filed with Hartford’s exception and motion states that the last payment of compensation was made on September 10,1974, prior to the effective date of the 1975 amendment.
However, at page 28 of plaintiff’s deposition, we find the following exchange between counsel for Hartford and plaintiff:
Q “Do you remember about the last time you got your last check?”
A “Really I couldn’t tell you.”
Q “If I told you it was around September 23rd of 1975 does that sound about right to you?”
A “That sound about right.”
Q “You think it was maybe the latter part of 1975?”
A (Witness nods head affirmatively.)
Accepting September 23, 1975 (after the effective date of the 1975 amendment) as the date of the last payment, as suggested by counsel for Hartford and agreed upon by plaintiff, and applying the rationale of Youngblood, supra, we believe that plaintiff would have a three year period of limitation and the instant suit would be timely.
We need not and do not reach the issue of the timeliness vel non of plaintiff’s suit, however, in view of the fact that the discrepancies in the date of the last payment of compensation benefits demonstrate the existence of a genuine issue of material fact, which precludes the granting of a motion for summary judgment.
For the above reason, the judgment appealed is reversed and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Hartford.
REVERSED AND REMANDED.