BOUTALL, Judge.
This case is presently before us on a motion to dismiss an appeal.
Fritts Martines, defendant below, brings this appeal from a judgment rendered which divided community property subsequent. to a judicial separation. Davey Turner Martines, appellee, then filed a motion to dismiss the appeal on the grounds that the judgment was a consent judgment and is therefore unappealable under Louisiana law.
Code of Civil Procedure Article 2085 reads as follows:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an *769 appeal as to other parts of such judgment.”
It is clear under this article that a consent judgment is not appealable.
The judgment herein is entitled “Consent Judgment” and was outlined in court as reflected by the record. The trial judge then asked both parties if the attorneys were authorized by them to consent to the judgment and both answered affirmatively. Under these circumstances, we are convinced that the judgment now sought to be appealed is a consent judgment in which the appellant unconditionally, voluntarily, and completely acquiesced in the judgment and intended thereby to abandon the right to appeal. See Meyers, Whitty & Hodge, Inc. v. Popich Marine Construction, 143 So.2d 739 (La.App. 4th Cir. 1962). The judgment is therefore unappealable under Article 2085, supra.
Appellant contends in opposition to this motion that a peremptory exception entitled “No right or cause of action” filed with the trial court before appeal presents an appeal issue. This exception is based on the allegation that the parties executed and recorded a pre-marital contract creating a separate property regime, thus invalidating the judgment of partition since no community property existed. It was filed at the same time as a motion for new trial on the same ground, denied as filed too late.
It is well settled that no appeal lies from a judgment denying an exception of no cause or right of action since these are interlocutory judgments and unappealable unless irreparable injury may result. See Code of Civil Procedure Article 2083. Since no allegation of irreparable injury is present in the record, appellant’s allegation can only be considered by this court as a defense which was not timely pleaded in the trial court. Appellate courts, moreover, should not receive original evidence. See Code of Civil Procedure Article 2164 in Leger v. Delano Plantation, Inc., 352 So.2d 43 (La.App. 3rd Cir. 1977). We find therefore that there is no issue upon which an appeal may be taken.
For the above reasons, the appeal is dismissed.

APPEAL DISMISSED.