386 So.2d 974 (1980)
Beverly Sue MILLER, Plaintiff-Appellant,
v.
BELDEN CORPORATION, Defendant-Appellee.
No. 7607.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1980.
*975 H. James Lossin, Jonesville, for plaintiff-appellant.
Gaharan & Wilson, Joseph Wilson and Paul Boudreaux, Jr., Jena, for defendant-appellee.
Before FORET, SWIFT and STOKER, JJ.
SWIFT, Judge.
Plaintiff, Beverly Sue Miller, appeals a judgment of the trial court sustaining a peremptory exception to her workmen's compensation action. We reverse.
On February 14, 1977, while in the course and scope of her employment with defendant, Belden Corporation, plaintiff injured her back at a job site in Jena, Louisiana. The defendant was notified of the accident and paid workmen's compensation benefits for seven weeks at the rate of 662/3% of plaintiff's wages, the first check being issued on March 8, 1977, and the last on May 4, 1977. Although the Employer's First Report of Injury reflects that she returned to work on February 16, 1977, Mrs. Miller's work record and earnings thereafter do not appear in the record.
Suit was filed on June 27, 1979, alleging plaintiff was totally and permanently disabled from the performance of her occupation, but that she did not know of her disability or the full extent of her injury until 1979. The defendant filed a peremptory exception of prescription and peremption on grounds that more than one year had passed from the date of the last payment of workmen's compensation and more than two years had elapsed since the accident. The trial court sustained the exception, dismissing plaintiff's suit.
This case primarily involves statutory interpretation. Prior to 1975 LSA-R.S. 23:1209 provided (in the absence of an agreement as to the compensation payments) for a one-year prescriptive period from the date of the accident or from the time of the last payment of benefits. However, by Act 583 of 1975 the legislature added the proviso, "that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment." The statute also contained a peremptive period of two years from the date of the accident where the injury did not develop immediately.
It would seem that the compensation benefits were paid to plaintiff for temporary total disability. However, there does not appear to have been any agreement to this effect and it was not shown whether or not Mrs. Miller was actually earning wages when the payments were made to her. Consequently, as in Youngblood v. Belden Concrete Products, 349 So.2d 439 (La.App. 4 Cir. 1977), writ denied, 351 So.2d 177 (La. 1977), we cannot say with any certainty whether such benefits were paid for total or partial disability because the weekly amount would be the same if plaintiff was not earning wages at the time.
In Youngblood the Court of Appeal, Fourth Circuit, interpreted the three-year limitation as follows:
"[W]here the parties agreed that the payments were being made for total disability the one year prescriptive period applies but in the absence of such agreement the payments are presumed to be for partial disability with the resulting application of a three year prescription."
While its decision in Wright v. Aetna Life & Cas. Co., 360 So.2d 235 (La.App. 1 Cir. 1978), seems to be in conflict, the First Circuit, in Batiste v. Hartford Ins. Co., 374 So.2d 133 (La.App. 1 Cir. 1979), recently *976 espoused the rationale of the Youngblood case in regard to this question. However, such statement in the opinion was dictum as the court went on to say that it did not reach the issue of timeliness of the suit because the motion for a summary judgment was denied due to the existence of an issue of fact.
Just what the legislature intended the result to be under these circumstances is not clear. While we must confess some doubt on the subject, we believe it appropriate for us to follow Youngblood and conclude that the one year prescription in the statute is inapplicable. We do so because of the reasons expressed by the Fourth Circuit in the decision, the apparent approval of its rule by the Court of Appeal, First Circuit, and our duty to interpret the provisions of our workmen's compensation statutes liberally in favor of the employee.
The defendant further contends that the plaintiff's claim has been extinguished by the two year peremption of the statute.
LSA-R.S. 23:1209 also provides:
"[B]ut in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
There clearly is a conflict between the two and the three years provisions of this section in "developing" injury cases. It has been suggested by authoritative treatise writers that the three years prescription should control, because it is the latest expression of legislative will and also because the jurisprudence clearly demonstrates a preference for making the longest period available to an employee in order to carry out the policy of the act.[1] We agree and conclude that the two years peremption is not applicable in the present case.
There being no agreement between the parties that the compensation payments were made for total disability, the benefits are presumed to have been paid for partial disability and the plaintiff had three years from the last payment to bring her suit. Consequently, her claim is not barred by prescription or peremption.
For the above and foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. The costs of this appeal will be paid by the appellee. Assessment of other costs will await the outcome of the suit.
REVERSED AND REMANDED.
FORET, J., concurs in result.
NOTES
[1] Malone and Johnson, Worker's Compensation Law and Practice, 2d Ed., 1980, Sec. 384, p. 252.