REDMANN, Judge.
Defendant appeals from a judgment which awarded worker’s compensation benefits for partial permanent disability and for medical expenses. Defendant argues that, notwithstanding that the partial disability claim was timely within La.R.S. 23:1209 because within three years of the last disability payment, the medical claim was not timely because not within one year. We affirm.
The statute, as amended, Acts 1975 No. 583, provides that all claims for payments are barred unless within a year payments have been made (or proceedings begun), but if payments are made, the limita *254 tion takes effect one year from the last payment, “except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment.” (Emphasis added.) The quoted provision was added by the 1975 amendment.
This is a case of partial disability, and therefore the limitation of § 1209 “shall not take effect until three years” after the last payment.
Defendant’s argument to the contrary is based on cases decided before the 1975 amendment. Devillier v. Hartford Acc. & Indem. Co., 219 So.2d 338 (La.App. 1 Cir. 1969), writ refused, 253 La. 1087, 221 So.2d 519, held that the payment of medical expenses within the prescriptive period did not interrupt prescription. Prejean v. Travelers Ins. Co., 234 So.2d 527 (La.App. 3 Cir. 1970), writ refused, 256 La. 760, 238 So.2d 531, reasoned that (assuming § 1209 were applicable) a claim for medical expenses (in excess of the statutory limit, under an insurance contract), incurred beyond the prescriptive period after the maximum 400 weeks of wage-replacement had been paid, was not prescribed because some medical payments were made after those 400 weeks. Rowley v. Lumbermen's Mut. Cas. Co., 247 So.2d 135 (La.App. 4 Cir. 1971), writ refused, 259 La. 63, 249 So.2d 203, like DeviUier, held that the payment of medical expenses did not interrupt prescription for wage-replacement benefits (but did interrupt prescription for further medical benefits). None of these cases suggest that medical expenses are governed by a different prescriptive period than the wage-replacement prescriptive period.
Nor is such a suggestion expressed in Wright v. Aetna Life & Cas. Co., 360 So.2d 235 (La.App. 1 Cir. 1978), also cited by defendant. Wright holds only that a claim for total and permanent disability benefits or for loss of a physical function is not affected by the three-year provision of § 1209 for partial disability.
We note that Ancelet v. Moreno's Air Cond., Inc., 331 So.2d 127 (La.App. 3 Cir. 1976), held that payment of wage-replacement benefits interrupted § 1209’s then one-year prescription for medical benefits. That the prescription has been changed to three years “in cases of partial disability” does not invalidate Ancelet’s reasoning. The purposes served by applying § 1209’s prescription to wage-replacement claims (despite intervening medical payments) are not served by applying that prescription to medical claims (despite intervening wage-replacement payments).
We repeat what we deem the 1975 amendment’s express purpose: “in cases of partial disability” the prescription for benefits related to the partial disability, including medical benefits, is three years.
By cross appeal plaintiff asks amendment of the judgment to award attorney’s fees and to fix the amount of wage-replacement benefits on the basis of wages at the time not of the accident but of the ultimate termination of employment almost two years later.
We award attorney’s fees and penalties against the insurer because it had no “probable cause,” R.S. 22:658, to deny the claim even for wage-replacement benefits on the basis of prescription, when R.S. 23:1209’s words as amended in 1975 are so clear. All the “good faith” in the world cannot support a contrary reading of R.S. 23:1209 as amended and therefore cannot supply the required “probable cause” to deny benefits. We believe an appropriate fee would be $2,000, arid the statute sets penalties at 12% of the amount not paid within 60 days of demand.
There is much merit from a humane viewpoint to plaintiff's argument that, in effect, qompensation payments should not be limited to wages at accident time. Not only in plaintiff’s case, but in every disabled worker’s case, two-thirds of wages at accident time may at that time provide an adequate subsistence but can become woefully inadequate in just a few years of the double-digit inflation of recent times. The social purpose of workers’ compensation laws will be to a large extent defeated if some remedy is not afforded. That, how *255 ever, is a legislative problem far beyond our power to resolve by interpretation of the existing statute. The existing statute specifically declares, at R.S. 23:1021(7), “ ‘Wages’ means average weekly wage at the time of the accident.” We have no authority to provide any other definition, and we therefore affirm the amount of benefits as based on wages at the time of the accident. See also Bonnette v. Travelers Ins. Co., 367 So.2d 1261 (La.App. 3 Cir. 1979).
Amended to award 12% penalty on all compensation payments due but not paid within 60 days of demand and attorney’s fees of $2,000, as against the insurer, and otherwise affirmed.
AMENDED & AFFIRMED.