454 So.2d 340 (1984)
Maurice SPENCER
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY and New Orleans Saints, Inc. and New Orleans Saints, a Partnership Composed of John Mecom, Jr., and Others Qualified to be Doing Business in the State of Louisiana.
No. CA-1966.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
*341 Barker, Boudreaux, Lamy, Gardner & Foley, Lawrence A. Arcell, New Orleans, for appellee.
Wiedemann & Fransen, Allain F. Hardin, New Orleans, for appellants.
Before GULOTTA, BARRY and CIACCIO, JJ.
GULOTTA, Judge.
In this worker's compensation suit by a former professional football player, defendantsNew Orleans Saints, Inc. and its insurerappeal from a judgment denying an exception of prescription. Because we conclude defendants have failed to show irreparable injury from this interlocutory judgment, we dismiss their appeal.
According to the petition, Maurice Spencer was employed as a professional football player for the New Orleans Saints in August, 1977, when he injured his neck. Despite surgery, Spencer played football the entire 1978 season. In September, 1979, plaintiff reinjured his neck and was released by the Saints.[1]
Spencer alleges that the injuries sustained between 1977 and November, 1979, caused a "partial and permanent disability" terminating his playing career and entitling him to worker's compensation benefits. He further alleges that he had received "partial payments" from the Saints as "compensation for his injury" and these payments were terminated in November, 1979.
The basis of defendant's prescription exception is that plaintiff's suit, filed on September 18, 1981, was untimely because it had not been brought within one year from the date of the September, 1979, injury, or from the final payment made in November, 1979 for his temporary-total disability.
On the other hand, plaintiff claims that the payments received from his employer while on "injured reserve" constituted payments in lieu of compensation for a "partial permanent" disability, which provides for a three year prescriptive period from the last payment.[2]
At the outset, we note that defendants are appealing from the denial of an exception of prescription, an interlocutory judgment that does not determine the merits of the case. LSA-C.C.P. Art. 1841; Edwards v. Lousteau Auto Sales, Inc., 424 So.2d 460 (La.App. 5th Cir.1982); State, *342 Department of Highways v. Ott, 277 So.2d 767 (La.App. 1st Cir.1973). An appeal may be taken only from an interlocutory judgment that may cause irreparable injury. LSA-C.C.P. Art. 2083; Short v. Criminal Sheriff's Office, 407 So.2d 786 (La.App. 4th Cir.1981). The standard for determining irreparable injury is whether any error in the judgment may be corrected as a practical matter in an appeal following a determination of the merits of the case. Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4th Cir.1983); Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir.1978).
In the instant case, no allegation or showing has been made of irreparable injury. Martines v. Martines, 375 So.2d 768 (La.App. 4th Cir.1979); Standard Co. of New Orleans, Inc. v. Elliott Const. Co. Inc., 398 So.2d 558 (La.App. 1st Cir.1980). Furthermore, merely requiring the parties to undergo a trial on the merits does not constitute irreparable harm. Updegraff v. Parish of St. Barnard, supra; Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1st Cir. 1982). Accordingly, we conclude the appeal must be dismissed.
In so holding, we are aware that an appellate court may exercise its supervisory jurisdiction to review a trial court's denial of a preemptory exception where the overruling of the exception is arguably incorrect, there is no factual dispute to be resolved, and a reversal will terminate the unnecessary litigation. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978). Nonetheless, the instant case does not fall into that category.
To avail himself of the three year prescriptive period under LSA-R.S. 23:1209, plaintiff must have received payments in lieu of compensation for "partial" disability. The test for determining if wages were paid in lieu of compensation is whether they were actually earned by the employee. Relevant (but not conclusive) in that determination is the similarity or degree of difficulty of services performed before and after the accident. See Matthews v. New Orleans Public Service, 349 So.2d 408 (La.App. 4th Cir.1977), writ denied, 351 So.2d 170 (La.1977). Once it is determined that compensation payments have been made, they are presumed to be for partial disability (with the resulting application of a three year prescriptive period), unless the parties have "agreed" that the payments were for "total" dis-ability. See Youngblood v. Belden Concrete Products, 349 So.2d 439 (La.App. 4th Cir.1977), writ denied 351 So.2d 177 (La.1977); Miller v. Belden Corp., 386 So.2d 974 (La.App. 3rd Cir.1980), writ denied 389 So.2d 1126 (La.1980). In denying defendants' exception of prescription in the instant case, the trial judge apparently resolved these factual and legal issues in plaintiff's favor, concluding that Spencer had in fact received payments in lieu of compensation for a partial disability.
In the present posture of the appeal, however, we are unable to review the trial court's conclusions. Although medical depositions in the record disclose the circumstances of plaintiff's injuries and the medical nature of what appears to be a partial disability, we do not have before us copies of plaintiff's deposition and a player's contract referred to in defendants' brief. This deposition and documentary evidence, presumably available to the trial judge when the matter was heard in the trial court, is crucial in determining whether the "injured reserve" payments to Spencer were issued in lieu of compensation and whether the parties understood them to be for total or partial disability. Under these circumstances, in the absence of a complete record, we are unable to consider the issues addressed by the trial judge, even if the appeal were converted to a writ application.
Accordingly, absent a showing of irreparable harm from this interlocutory judgment, we are compelled to dismiss the appeal and to remand the matter to the trial court for further proceedings. Appeal dismissed.
APPEAL DISMISSED.
NOTES
[1] Plaintiff's petition further avers that after release by the Saints he was claimed on waivers by the Atlanta Falcons professional football team two weeks later, but was unable to pass their physical. He then retired from professional football.
[2] LSA-R.S. 23:1209, as amended by Act 583 of 1975, applies to plaintiff's claim. This version of the statute provides for a one year prescriptive period for workers' compensation claims from the date of the accident or last payment of benefits, but a three year prescriptive period from the time of the last payment of benefits "in cases of partial disability". The 1983 amendments to the statute do not apply to this suit filed in 1981.