YELVERTON, Judge.
William A. Lester, victim of a workmen’s compensation accident, appeals the dismissal of his suit, based on prescription, for additional medical benefits brought against his former employer and its insurer, Southern Casualty Insurance Company. The suit was brought more than one year after the last medical payment. Defendants filed a plea of prescription of one year based on LSA-R.S. 23:1209. Because we agree with the trial court that the claim was prescribed, we affirm the judgment of dismissal.
The facts were stipulated. Plaintiff lost a foot in an accident in July 1970 and was fitted with an artificial limb. The employer’s insurer paid weekly compensation benefits at the statutory maximum rate for the statutory maximum period of time, as provided by law for total permanent disability at the time of the injury. The last weekly benefit was paid on February 23, 1980. The insurer also paid $10,044.69 in medical expenses. This amount did not exceed the statutory maximum in effect when plaintiff was injured. The last medical payment was made January 25, 1980.
On December 22, 1982, Lester filed the present suit for medical expenses of $1,390.27 incurred at Snell’s Limbs & Braces between August 10, 1981, and October 26, 1982.
Defendants successfully pleaded prescription. Lester’s appeal contends that there is no prescriptive period for medical claims incurred after a claimant receives his total benefit payments under the Compensation Act. Alternatively, he argues that if there is a prescriptive period, it is a three year period under R.S. 23:1209 for partial disability, rather than one year.
We reject both arguments.
R.S. 23:1209 at the time of trial, March 17, 1984, read as follows:
*655 § 1209. Prescription
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
It is clear from the following cases that this prescription statute is applicable to the present facts.
In Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964) the employer's insurer, voluntarily paid plaintiff compensation over a period of 400 weeks and voluntarily assumed responsibility for his medical expenses during that time. Afterwards, plaintiff incurred additional medical expenses. He filed suit on the new claim within a year of the last payment of compensation and medical expenses. The Supreme Court found that prescription under § 1209 had not run against the plaintiff since he had filed his claim within the year.
In Brown the defendant also argued that medical expenses were payments of compensation, and that medical expense payments must cease when compensation does. The Supreme Court found that medical expenses under R.S. 23:1203 were not a part of compensation payment and stated that “as long as such claims are not beyond the statutory maximum and the requirements of LSA-R.S. 23:1209 are met, there is no time limitation for assertion of the right to medical expenses.” (emphasis added.)
In Prejean v. Travelers Insurance Company, 234 So.2d 527 (La.App. 3rd Cir.1970), the employer’s insurer paid compensation for 400 weeks and paid medical expenses for one year thereafter. Plaintiff presented medical bills incurred more than one year after the last payment of compensation but less than one year after the last medical payment, and defendant refused to pay. The issue in that case was whether the new medical claim had prescribed. Relying on the Brown case, the court concluded that the plaintiff’s claim had not prescribed under LSA-R.S. 23:1209, since suit was filed less than a year from the last medical payment.
Considering the reasoning in these two cases it is clear that the prescriptive period under LSA-R.S. 23:1209 is applicable in the present case. The only remaining question is whether it is a one or a three year period.
We agree with the trial court’s resolution of this question and adopt its excellent reasons for judgment, as follows:
“§ 1209 provides two prescriptive periods for where workmen’s compensation payments are made and then later are stopped. From the date of the last payment a three year prescriptive period applies in cases of partial disability. In all other cases a one year prescriptive period applies from the date of the last payment.
“Where the injured worker and the party paying him workmen’s compensation payments have not agreed as to the type of payments that were being paid, the Courts sometimes have had difficulty determining which of these two prescriptive periods apply. In Miller v. Belden Corporation, 386 So.2d 974 (La.App. 3rd Cir.1980), for instance, there was no agreement. The plaintiff, injured employee, in that case had received workmen's compensation benefits for seven weeks at 66⅝% of her weekly wage, 66⅝ *656 % being the maximum rate of benefit payments at the time for both total disability and partial disability. Also, the plaintiff in Miller, supra, was not earning any wages while the benefit payments were being made to her. [Had she been earning wages then her workmen’s compensation payer would have been entitled to reduce her payments if she was partially disabled. Her benefits could not have been reduced if she was totally disabled. Thus where an injured employee is earning wages while receiving benefits, the Courts have an indicator of what type of benefits were being paid to the employee. If the employee’s benefit payments were reduced, then the employee must have been receiving partial disability payments. If they were not reduced, then the employee must have been receiving total disability payments which his workmen’s compensation payer was not entitled to reduce.] With these facts the Court in Miller, supra, was unable to determine whether the payments made to the plaintiff were for total or partial disability payments.
“In order to resolve the issue before it the Third Circuit in Miller, supra, followed the Fourth Circuit’s decision in the similar case of Youngblood v. Belden Concrete Products, 349 So.2d 439 (La. App. 4th Cir.1977), writ denied, 351 So.2d 177 (La.1977). The Court in Miller, supra, as had its sister Court in Young-blood, supra, presumed that the payments were partial disability benefits, thus giving the employee the benefit of the longer 3 years prescriptive period. In support of their presuming in favor of the employee the Third Circuit acknowledged that the legislature intended that the workmen’s compensation statutes are to be interpreted liberally in favor of the employee.
“In this case although there was no agreement as to the nature of the benefits paid, unlike in Miller, supra and Youngblood, supra, there is no doubt but that the payments made to the plaintiff were total and permanent disability payments. The plaintiff received the maximum rate of benefits for 500 weeks. At the time of the plaintiff’s injury only benefit payments for a total and permanent injury were paid at this maximum rate for as long a period of time. If the benefits paid to the plaintiff had been for partial liabiltiy (sic) he would have received payments only for 300 weeks. Also, the plaintiff earned wages during the time he was receiving benefits. Consistent with the benefits the plaintiff was receiving being total and permanent benefits, the defendant did not adjust downward the amount of benefits paid to the plaintiff.
“Since the evidence indicates that the benefit payments made to the plaintiff could have only been total and permanent benefit payments, this Court cannot now presume that those payments were partial disability benefits. Under § 1209 only partial disability benefit payments have a 3 year prescriptive period from the date of last payment. In this case only if this 3 year prescriptive period applied, would the plaintiff’s claims for medical expenses have not prescribed. Instead, § 1209’s 1 year prescriptive period from the date of last payment applied to these medical expense claims. These claims therefore are prescribed, and the plaintiff is barred from recovering for them.”
The judgment dismissing this action is affirmed, at appellant’s cost.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
STOKER, J., concurs for the reasons assigned by GUIDRY, J.