KLIEBERT, Judge.
This is an appeal by plaintiff-workman, Charles S. Williams, from a summary judgment in favor of defendant, Johns-Manville Sales Corporation, dismissing his petition for workman’s compensation medical benefits. On appeal plaintiff Williams contends that the trial court erred in granting summary judgment in that defendant’s supporting affidavit did not resolve all issue of material fact and that the defendant was not entitled to a judgment as a matter of law. For the reasons hereafter stated, we set aside and remand the trial court judgment.
The instant litigation commenced when plaintiff filed a petition for workman’s compensation benefits. After limited discovery was conducted, the defendant filed a motion for summary judgment which said:
“NOW INTO COURT, through undersigned counsel, comes Johns-Manville Sales Corporation, defendant, who brings this Motion for Summary Judgment based on the fact that there will be no genuine issue as to material fact when after considering the Affidavit of Clint Williams, Employee Relations Manager, and the entire file herein, that Charles S. Williams has already received full workmen’s compensation benefits and that accordingly, he has no further rights in this matter.”
In support of the motion for summary judgment an affidavit of defendant’s employee relations manager was attached. The affidavit stated that the employee had received the maximum amount of weekly compensation benefits due under the applicable law. The only reference to medical benefit payments to the employee was the following:
“Affiant has also checked company records and has determined that medical expenses for the treatment of the pulmonary condition have been paid by the company, the last bill being submitted on 3-4-63, for a total of $76.00.”
The affidavit does not refer to the total amount of medical benefits paid by Johns-Manville. Under our law, even though full weekly workman’s compensation benefits have been paid, the employee is entitled to continued medical benefit payments provided his claim is timely filed and he has not exhausted the maximum amount payable under the applicable statute. Beverly v. State through Dept. of Health, 424 So.2d 446 (5th Cir.1982); Lester v. Southern Casualty Co., et al, 458 So.2d 654 (3rd Cir.1984); Brown v. Travelers Ins. Co., 247 La. 7,169 So.2d 540 (1964). The motion for summary judgment was predicated on the contention all benefits due under the compensation act had been paid. Since the uncontested affidavit of the employer did not state the amount of the medical benefits paid, there is an unresolved issue of material fact. Although the defendant’s argument that the claim for medical benefits has prescribed may be correct, there is no exception of prescription before us nor was prescription the basis for the motion for summary judgment. Under the provisions of La.C.C.P. Article 927 the court cannot supply the objection of prescription.
*28 Accordingly, the judgment of the district court is set aside and the case remanded for further proceedings.
SET ASIDE AND REMANDED.