465 So.2d 920 (1985)
Freddie L. FOSTER, Plaintiff-Appellant,
v.
MANVILLE FOREST PRODUCTS CORP., Defendant-Appellee.
No. 16814-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*921 Albert W. Block, Jr., Monroe, for plaintiff-appellant.
Shotwell, Brown & Sperry by C.A. Martin, III, Monroe, for defendant-appellee.
Before MARVIN and SEXTON, JJ., and PRICE, J. Pro Tempore.
SEXTON, Judge.
Plaintiff appeals the dismissal of his suit for worker's compensation benefits by the sustaining of a peremptory exception of prescription. We affirm in part, reverse in part, and remand.
*922 Plaintiff instituted this action for total and permanent worker's compensation benefits, penalties and attorney's fees on May 26, 1982. In this pleading, he alleged that on October 27, 1979, while in the course and scope of his employment with Manville, he sustained an injury to his right hand requiring the amputation of two of his fingers. He also alleged that he had a pre-existing coronary condition. On July 23, 1982, defendant filed a peremptory exception of prescription on the grounds that the petition for permanent and total benefits was filed more than one year after the injury and more than one year after the date of the last payment of benefits, and was therefore prescribed under LSA-R.S. 23:1209.
The hearing on the exception was continued due to an automatic stay issued following Manville's filing for reorganization in bankruptcy on August 26, 1982. Subsequent to Manville's emergence from reorganization in bankruptcy, plaintiff obtained an ex parte order on May 7, 1984 permitting him to file an amending petition in which he alleged alternatively that he had suffered permanent and partial disability since the date of his hand injury. Defendant then filed a motion to strike that pleading, and both the motion and the exception of prescription were set for trial. On the date for trial, the motion to strike was "passed on" at the request of counsel, and the exception was tried and taken under advisement.
Thereafter, the trial court sustained the exception of prescription, finding that the petition filed on May 26, 1982 was filed some thirty-one months after the injury to plaintiff's hand, and some twenty months after the last payment of direct worker's compensation benefits for this injury. Also, in reference to the amending petition, the trial judge stated in written reasons that plaintiff could not revive his claim or translate it into a different action by semantics in an ex parte pleading after the exception had been filed.
On appeal, plaintiff reiterates his trial court contentions. Essentially, he claims that he had been lulled into not filing suit by the representations of Manville's employees and receipt of long term disability payments; that his petition had been amended to pray for alternative recovery for permanent partial disability in addition to total and permanent disability; and that his petition was filed timely under LSA-R.S. 23:1209, as worker's compensation benefits had been made within three years of institution of suit for benefits.
LSA-R.S. 23:1209, before its recent amendment, provided:
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
In his original petition, appellant alleged that he received his last worker's compensation payment in August, 1981.
Evidence is admissible at the trial of an exception of prescription. LSA-C.C.P. Art. 931; Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979). The party pleading prescription has the burden of proof. Chin See Fun v. Louisville & N.R. Company, 344 So.2d 8 (La.App. 4th Cir.1977), writ denied 346 So.2d 210 (La.1977).
*923 At the trial on the exception, defendant's witness, Bruce Massey, the employee relations manager for Manville, testified that at the time of Foster's accident, Manville was self-insured for worker's compensation coverage. He stated that Foster was also covered by an outside health insurance plan written by Prudential Insurance Company.
Massey explained that Foster began receiving worker's compensation benefits immediately after his hand injury and that the benefits were terminated in September of 1980 after a doctor's release assigning a thirty percent disability to the hand was obtained. He also stated during the time that Foster was receiving treatments for his hand, he was also being treated by another physician for his coronary condition. In August, 1981, the doctor treating Foster for his heart found him to be totally and permanently disabled due to the heart disease. Massey stated that Manville took the position that this condition was not work related; therefore, worker's compensation benefits were continued until September, 1980 only to allow Foster's claim under the Prudential accident and sickness policy to be processed. Massey testified that as of September, 1980, Foster was not receiving worker's compensation benefits, but was receiving payments under the Prudential accident and sickness policy. He further explained that the accident and sickness benefits were exhausted after six months, at which time Foster began to receive long term disability payments which provide a percentage of his prior salary.
Appellant presented no evidence at this hearing which contradicted the September 1980 date for cessation of benefits. The trial court accepted this September 1980 date, a finding which is not manifestly erroneous, and will not be disturbed by us on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Accepting this date as true then, we must determine whether plaintiff's claim has prescribed.
In Youngblood v. Belden Concrete Products, 349 So.2d 439 (La.App. 4th Cir. 1977), writ denied, 351 So.2d 177 (La.1977), the Fourth Circuit, in interpreting the provisions of LSA-R.S. 23:1209 dealing with prescriptive periods when disability payments have been made, stated:
We interpret the statute to mean that where the parties agreed that the payments were being made for total disability the one year prescriptive period applied but in the absence of such agreement the payments are presumed to be for partial disability with the resulting application of a three year prescription. This seems more realistic in view of the fact that an injured workman normally makes a gradual recovery, i.e., he may be totally disabled at the inception of the period of disability but is only partially disabled just prior to discharge from medical care. Thus, in many cases the last compensation payments are in reality made for partial disability in the absence of an agreement to the contrary.
Since plaintiff does not allege there was an agreement that the payments were made for total disability and since the benefits paid to him would be the same for total or partial disability, we cannot say plaintiff's claim has prescribed.
The rationale of Youngblood was adopted by the Third Circuit in Miller v. Belden Corporation, 386 So.2d 974 (La. App. 3rd Cir.1980), writ denied, 389 So.2d 1126 (La.1980). In Miller, the plaintiff instituted suit for total and permanent disability benefits. There was no demand for partial benefits. Therefore, Miller apparently stands for the proposition that any worker's compensation suit filed within three years of receipt of benefits, absent an agreement that the payments are for total and permanent disability, is not prescribed. However, the quoted provisions of plaintiff's petition in the Youngblood decision do not lend themselves to a classification of that suit as one for partial or permanent total disability.
In contrast, the First Circuit held in Wright v. Aetna Life and Casualty Co., 360 So.2d 235 (La.App. 1st Cir.1978), that the legislature had made a distinction between *924 claims for total disability and partial disability for purposes of prescription. Since the plaintiff in Wright had filed suit seeking benefits for only total and permanent disability, the First Circuit held that his claim had prescribed. Nevertheless, the Court remanded with instructions to allow plaintiff to amend his petition.
We agree with the First Circuit that the legislature obviously intended that claims for partial and total disability be distinct in their prescriptive periods. The case at bar differs from the situation presented in Wright in that in the present situation the plaintiff has amended his petition to allege permanent partial disability. Therefore, plaintiff's initial suit filed May 26, 1982 is almost two years after the date the trial court found benefits ceased in 1980 and is thus prescribed. However, the amended petition relates back to the date of filing of the original petition which was within three years of the date of the last payment. LSA-C.C.P. Art. 1153. It represents demands for partial disability and is therefore not prescribed. Thus, we hold that plaintiff's claim for partial disability is still viable, while his claim for total disability has prescribed.
Appellant further argues that he withheld suit beyond the one year prescriptive period because of a false sense of security created by representations of defendant's employees and receipt of the long term disability payments, citing Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972) in support of this position.
It is well settled that an employer who lulls an injured employee into a false sense of security may not later interpose a plea of prescription to the worker's untimely suit for compensation benefits. Landry v. Ferguson, 279 So.2d 185 (La.1973); Dupaquier v. City of New Orleans, supra. The claimant in such a case must demonstrate that "words, actions, or inactions on the part of the employer or insurer induced him to withhold suit until the time for prescription had passed." Miller v. Olinkraft, Inc., 395 So.2d 902 (La.App. 2d Cir. 1981); Malone and Johnson, Worker's Compensation, Section 384, 13 La.Civ.L. Treatise 261 (2d Ed.1980).
This Court has held that where a claimant shows that during his period of disability, he has received wage continuation payments from or through his employer which could reasonably be construed as compensation benefits or payment in lieu of compensation, the defendant must bear the burden of showing claimant actually understood the nature of the payments or was unreasonable in the construction he placed on the payments. Wesley v. Claiborne Electric Co-Op, Inc., 446 So.2d 857 (La. App. 2d Cir.1984), writ denied, 450 So.2d 955 (La.1984).
In the case at bar, after hearing the evidence on the trial of the exception, the trial court rejected plaintiff's contention that he misunderstood the nature of payments he received for his heart disability and that he was misled by statements of Manville's representatives. In reasons for judgment, it noted that plaintiff, who had a 12th grade education, clearly knew the difference between the worker's compensation benefits which he received for the injury to his hand, and the wholly separate insurance payments for his heart disability. The court found it equally obvious that representations by Massey that he would "take care" of Mr. Foster meant that he would handle the administrative matters of preparing the paperwork and processing Foster's claim and would submit his medical bills for payment. This finding is supported in the record and will not be disturbed. Arceneaux v. Domingue, supra. Compare, Wesley, supra.
In summary, we sustain the exception of prescription insofar as it seeks total and permanent benefits and overrule it as to the demands for partial disability; and we remand for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.