GLADNEY, Judge
(dissenting).
Martin S. Sanders, Jr., aspired to become District Attorney for the ensuing term in his home district believing he had obtained every qualification to do so when on May 18, 1954, he filed his notice of intention with supporting affidavit to enter the primary for the Democratic nomination to that office. Such nomination, it is well known, is tantamount to election. The action of this court in affirming the ruling of the party committee which declared Sanders disqualified to enter the primary, has the effect, in my opinion, of denying the opportunity to attain an important public office to one who possesses every qualification to enter said primary, possesses every qualification to enter the general election in November of this year, and possesses complete eligibilty to assume the duties of the office.
The Democratic party has not required of Sanders as a condition precedent to enter the primary that a full three.years of law practice be attained by him prior to the filing of his notice of intention to become a *637 candidate, or prior to the primary election. It simply required he be eligible to take office at the ensuing term under the qualifications prescribed by the Constitution and laws of the state.
Resolution No. 2 of the Democratic Central Committee, so far as relevant, provides :
“Be It Resolved * * * the qualifications • of every * * * candidate in primary elections * * * shall be the same as required by the Constitution and election laws of this State for voters at the general elections, and in addition each * * * candidate shall possess the following qualifications: * * *
“Each candidate shall be eligible under the special qualifications (if any) prescribed by the Constitution and laws for the office for which he is a candidate.”
Its meaning is clear. The above quoted portion imposes two conditions, and only two. They are as to each candidate:
first, that his qualifications shall be the same as for voters at the general elections, and second, he shall be eligible for the office for which he is a candidate.
This contest arises under the second condition, it being argued, in effect, that the resolution requires Sanders to be eligible for the office at the time he enters the primary, or be denied the right to seek the office for which, except for this strained construction, he is completely eligible under every qualification prescribed by the statutes of Louisiana and its constitution. We ask, therefore, what can be the rule of reason which prompted the committee to give such an interpretation to the resolution? To require the candidate to have practiced law three years and six months before he could legally take the oath of office would require without any reason therefor a longer period of practice than does the constitution. I can conceive of no benefit or advantage to the party in exacting such a requirement.
Under Section 4 of Article 8 of the Constitution the Legislature was directed to “enact laws to secure fairness in primary elections”. In Le Blanc v. Hoffmann, 1932, 175 La. 517, 143 So. 393, 401, it was said:
“ ‘Qui haeret in litera, haeret in cor-tice? And, ‘The universal and most effectual way of discovering the true rn.ea.ning of a law, when its expressions are dubious, is by considering the reason and spirit of it,, or the cause which induced the Legislature to enact it.’ R.C.C. art. 18; Succession of Baker, 129 La. 74, 85, 55 So. 714, Ann. Cas. 1912D, 1181. The spirit of the Primary Law is ‘to encourage the multiplication of worthy candidates’ (Langridge v. Dauenhauer, 120 La. 450, 45 So. 387, 388, supra), and the worthiness of a candidate is to be judged exclusively by the voters. See, supra, and cf. State ex rel. Trosclair v. Parish Democratic Committee, 120 La. 620, 624, 45 So. 526. * * *”
. I. find nothing in Resolution No. 2 of the Democratic State Central Committee to justify the interpretation given to it by the majority opinion.
The opinion of the court accepts as authoritative and controlling the ruling in Yuratich v. Plaquemines Parish Democratic Executive Committee, La.App.1947, 32 So.2d 647. I approve of the holding of the cited case but it is not authority for the decision herein. The cases are readily distinguishable. Yuratich did not possess an eligibility requirement under Act No. 94 of 1894 in that he had no property assessment. He could not say to the committee “I am eligible to enter upon the term of office I seek.” The committee could not, under the facts so presented, certify his eligibility. But this is not true with Sanders. He possesses all the legal requirements of eligibility, and the committee should have so certified. I respectfully dissent.