SUMMERS, Justice
(dissenting from the refusal to grant writs).
According to this application for writs of review, Senator J. E. Jumonville, of the Seventeenth Senatorial District of Louisiana, filed his papers qualifying as a candidate for reelection shortly after the period for qualifying was open. The period for qualifying for this senatorial office expired at five o’clock on .August 7, 1975. On this last day Senator Jumonville also qualified as a candidate for the office of Sheriff of Pointe Coupee Parish and his son filed qualifying papers as a candidate for senator of the Seventeenth Senatorial District. At this time only the Jumonvilles were qualified for the senate election.
Upon learning of these facts late in the afternoon of August 7, John Wayne Jewell immediately notified his uncle and law partner, Tom Jewell, in the town of New Roads and requested that he process the qualifying papers which he had previously signed. At that time, it was impossible for Tom Jewell to travel from New Roads to Plaquemine, Louisiana (approximately 45 miles), the residence and office of the Chairman of the Democratic Committee, prior to the five o’clock deadline for filing qualifying papers.
Faced with this situation, Tom Jewell telephoned the Secretary of the Committee whose residence was approximately five miles away and requested permission to file the qualifying papers with him. The Secretary, believing that he had no authority to accept the papers, rejected this request and refused to accept the papers. Instead, the Secretary suggested that Jewell discuss the matter with the Chairman. Accordingly, Jewell contacted the Chairman by telephone, and he advised Jewell to put the qualifying papers in the mail, properly ad *617 dressed to him, and to make sure this was done before the five o’clock deadline.
The papers, including the necessary cash deposit, were presented to the postmaster at New Roads, Louisiana, at 4:40 o’clock that afternoon; they were received by the Chairman in the town of Plaquemine the following morning.
Senator Jumonville then instituted these proceedings to disqualify John Wayne Jewell as a candidate for failure to timely file as required by law. Both the district court and Court of Appeal found that the qualifying papers were not timely filed and ordered the Committee not to list John Wayne Jewell’s name as a candidate. By a bare majority, this Court has denied writs of review. In my view the judgments are erroneous and should be reversed. The applicable statute provides:
“Whenever provision is made in this Part for the filing of any notice, deposit, or any other paper with any party committee or party officer, it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretary is not available, or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, by certified or registered mail in an envelope properly stamped and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date.
“Failure of the chairman to receive the paper or deposit does not prejudice or deprive a person of any rights given him under this Part if the above conditions are complied with.” La.R.S. 18:397
Jewell’s belated qualification was apparently due to his desire not to oppose the incumbent, but when the incumbent’s son qualified on the last day and the incumbent qualified for another office the situation changed. Under these changed conditions Jewell’s decision to become a candidate was made, within the period for qualifying. Only minutes remained for qualifying during the prescribed period, and the statute’s provisions must be applied in this time span. It was at this time that the Chairman of the Committee was unavailable; and it was then that the secretary refused to accept the qualifying papers. Thus, it was proper to deposit the papers in the United States mail, as Jewell did, thereby complying with the conditions announced in the quoted statute. This procedure was the only recourse left to him in the limited time remaining.
Nothing in the statute’s provision requires a prospective candidate to qualify early during the period prescribed for doing so. Therefore, the Chairman’s availability and the Secretary’s refusal are to be viewed as of the time when the effort to qualify is made. Since these conditions were satisfied during this time span, it was proper for Jewell to adopt the alternative and mail the qualifying papers. Especially is such a construction indicated under the circumstances of this case.
The law favors permitting candidates to qualify for public office. It is not the purpose of the law
“ . . .to obstruct with mere technical difficulties, the exercise of the right, which every citizen has, to seek the approval of his political associates, or the public at large. To the contrary, the whole spirit of the. legislation is to encourage the multiplication of worthy candidates for nomination to public office, in order that the body of voters constituting a political party, or constituting the electorate at large, may have the benefit of a choice, and not be compelled to accept candidates chosen by the minority or thrust upon them in some other -way. . ” Langridge v. Dauenhauer et al, 120 La. 450, 45 So. 387 (1908). See also Rousseau v. Democratic Parish Ex *618 ecutive Committee, 164 So. 175 (La.App.1935).
The policy announced in the Langridge Case is particularly pertinent here where the incumbent senator qualified for reelection early. Then, on the last day, he qualified for another office and caused his son to qualify for the office of senator also. The inference is strong that this was undoubtedly a scheme to deny the electorate a choice between genuine opponents. Nevertheless, by a highly technical construction of the statute, the majority disqualifies Jewell.
Aside from the fact that Jewell did satisfy the statute’s filing requirements, I cannot sanction the scheme which these facts present.