LOTTINGER, Judge.
This is a suit contesting the candidacy of R.E. Edwards for governor of Louisiana. Plaintiffs are Roberta Young Madden, individually and in her capacity as executive director of Louisiana Common Cause, and Charles A. “Sam” Jones, III, individually, and Winston J. Jackson, Jr., individually. These same plaintiffs filed similar suits against Ken “Cousin Ken” Lewis, 436 So.2d 761, and Michael J. Musmeci, Sr., 436 So.2d 762. All three suits were consolidated in both the trial court and in this court. This opinion will discuss all three suits, however, separate judgments shall be rendered. The Honorable James H. “Jim” Brown, in his capacity as Secretary of State of Louisiana was named as a defendant seeking to enjoin the Secretary of State from placing the names of the defendants on the ballot in the October 22,1983, gubernatorial primary election.
*760 In the petitions plaintiffs allege they are qualified to vote in the subject election. Plaintiffs contend that the notice of qualification of R.E. Edwards is defective in that it does not contain the proper certificate and financial statement was not filed as required by R.S. 18: 463 A(2). As to Lewis and Musmeci, plaintiffs contend that the notice of qualification did not have an affidavit attached certifying that the information contained in the statement was true and correct as required by R.S. 18:463 B(l); and additionally that the financial statements filed with the Board of Ethics for Elected Officials had the same defects.
TRIAL COURT
Citing R.S. 18:463, the trial judge held that the financial statement required to be filed with the notice of candidacy must be notarized, and since none of the financial statements had been notarized, the defendants failed to properly qualify and were thus disqualified to seek the office of governor of Louisiana.
FACTS
Qualification for the office of governor of Louisiana commenced on July 25, 1983, and closed on July 29, 1983, at 5:00 P.M.
R.E. EDWARDS submitted a notice of candidacy form for the office of governor to the Secretary of State of Louisiana on July 25, 1983. There was not attached to this form a financial statement as required by R.S. 18:463. Mr. Edwards was informed at the time he submitted his notice of candidacy that the financial statement was necessary, and Edwards initialled an acknowledgment on the face of the form that the financial statement was not attached. On August 11,1983, Edwards attempted to furnish the Secretary of State’s office with a financial statement and the office refused to accept the statement.
KEN “COUSIN KEN” LEWIS and MICHAEL J. MUSMECI, SR. submitted notices of candidacy forms for the office of governor with financial statements attached thereto to the Secretary of State on July 25, 1983. The notices of candidacy forms are notarized but not witnessed. The financial statements are not independently notarized.
I
Any registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote. R.S. 18:491. Mrs. Madden is a registered voter qualified to vote for the office of governor of Louisiana.
R.S. 18:492 in part provides:
“An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds: (1) The defendants failed to qualify for the primary election in the manner prescribed by law; * * * ”
II
R.S. 18:463 A(2) in part provides that the notice of candidacy shall include a certificate, signed by the candidate, certifying that he has read the notice of his candidacy and that he has attached to the notice of his candidacy the financial statement required by Subsection (B) of Section 463. R.S. 18:463 B(l) provides that each person who seeks to become a candidate for the office of governor shall at the time he files the notice of candidacy required by R.S. 18:463 A, shall also file a financial statement with the Louisiana Board of Ethics for Elected Officials. The candidate shall attach his affidavit to the financial statement certifying to its correctness. Thus, it is a mandatory requirement that a financial statement be attached to the notice of candidacy for the office of governor.
Since R.E. Edwards failed to attach a financial statement to his notice of candidacy, he did not qualify in the manner provided by law, and thus the trial court was not in error in disqualifying him from running for the office of governor of Louisiana.
III
The trial judge reasoned that since R.S. 18:463 A(2) requires the attachment of. *761 the financial statement as required by Subsection B of R.S. 18:463, and that Subsection B required an accompanying affidavit to the financial statement, that it is necessary that the financial statement filed with the notice of candidacy be notarized. We are of the opinion the trial judge was in error in his interpretation of the law.
The notice of candidacy required by R.S. 18:463 must include a certificate attesting that all statements contained therein are true and correct, and the certificate shall be executed before a notary or two witnesses. Inasmuch as the form furnished by the Office of the Secretary of State to be used by candidates is printed and contains a printed statement which reads: “7. If I am a candidate for the office of governor, I hereby certify that I have attached to this notice of candidacy the financial statement as required by R.S. 18 463 B. (Act 747 of 1982),” then the attached financial statement becomes a part of the notice of candidacy. Since the notice of candidacy must be executed before a notary or two witnesses, there is no need for the attached financial statement to be independently notarized if the notice of candidacy has been notarized. Thus the trial judge was in error in ruling that the financial statement must be independently notarized.
IV
We note that the notice of candidacy forms for both Lewis and Musmeci bear the signature of a notary. Therefore, the trial judge was in error in disqualifying these two candidates.
DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court disqualifying the candidacy of R.E. Edwards and enjoining the Honorable James H. “Jim” Brown, Secretary of State of Louisiana from placing the name of R.E. Edwards on the ballot in the October 22,1983, gubernatorial primary election is affirmed at appellant’s costs.
AFFIRMED.
COLE and LANIER, JJ., concur in the result.