SUSAN E. PERCLE

VERSUS

LELOASHIA HARMON TAYLOR AND
JON GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR
THE PARISH OF JEFFERSON, STATE OF
LOUISIANA

NO. 20-CA-244

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-610, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

August 05, 2020

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, Marc E. Johnson, Robert A. Chaisson,
Stephen J. Windhorst, Hans J. Liljeberg, and John J. Molaison, Jr.

**REVERSED**

SMC
FHW
SJW
HJL
JJM

**DISSENTS WITH REASONS**

JGG
MEJ
RAC

COUNSEL FOR PLAINTIFF/APPELLANT,
SUSAN E. PERCLE
        Stephen M. Petit, Jr.
        Brittany D. Rogers
        Scott L. Sternberg
        M. Suzanne Montero

COUNSEL FOR DEFENDANT/APPELLEE,
LELOASHIA HARMON TAYLOR
        Leloashia Taylor

**CHEHARDY, C.J.**

This is an election suit arising out of the race for a district court judgeship in the Twenty-Fourth Judicial District Court, Parish of Jefferson.

**Factual Background and Procedural History**

On July 22, 2020, defendant, Leloashia Harmon Taylor, qualified for the office of Judge, Twenty-Fourth Judicial District Court, Division "M," by filing a sworn notice of candidacy. In her notice of candidacy, Ms. Taylor listed her domicile address as 2414 Avenue Mont Marte, Gretna, Louisiana. Also in her notice of candidacy, Ms. Taylor certified, among other things, that:

> **I HEREBY CERTIFY THAT:**
>
> ***
>
> 8) If I am a candidate for any office other than United States senator or representative in congress, that **if I claim a homestead exemption or a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, I am registered and vote in the precinct in which that residence is located,** unless I reside in a nursing home as defined in La. R.S. 40:2009.2 or in a veterans' home operated by the state or federal government.
>
> 9) If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
>
> 10) I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
>
> 11) If I am a candidate for a major or district office as defined in La. R.S. 18:1483.1, **I have filed each report that I have been required to file by the Campaign Finance Disclosure Act,** if any were previously due …

20-CA-244                                    1

\*\*\*

13) I certify that **I am knowledgeable of the laws governing election offense**s as provided in Chapter 10 of Title 18 …

14) **All of the statements contained herein are true and correct**. [Emphasis supplied.]

Ms. Taylor signed and dated the notice of candidacy form before a notary public and two witnesses on July 22, 2020, certifying under oath that all of the statements contained therein were true and correct.

Plaintiff, Susan E. Percle, a duly-qualified elector in the Parish of Jefferson, filed the instant suit seeking to disqualify Leloashia Harmon Taylor as a candidate for District Court Judge, Division "M," in the primary election scheduled for November 3, 2020.[1] Pursuant to La. R.S. 18:492, Ms. Percle filed an objection to Ms. Taylor's candidacy on the basis that Ms. Taylor failed to qualify for the primary election in the manner required by La. R.S. 18:463. Specifically, Ms. Percle challenged the "qualifying" information certified by Ms. Taylor in her notice of candidacy as true and correct. In particular, Ms. Percle alleged that Ms. Taylor falsified her notice of candidacy, in violation of LSA-R.S. § 18:463(A)(2)(a)(viii), by certifying on July 22, 2020, that she was registered to vote in the same precinct where she claimed a homestead exemption that was still in effect. In fact, Ms. Taylor is registered to vote in Precinct 232B, the precinct in which 2413 Avenue Mont Marte, Gretna, Louisiana is located and where Ms. Taylor certified in her notice of candidacy that she is domiciled, while she enjoyed the benefit of a homestead exemption on a residence located at 2509 Guiffrias Avenue, Unit 606, Metairie, Louisiana, which is situated in precinct 076.

---

[1] Ms. Percle also named Jon Gegenheimer, only in his capacity as clerk of court for the Parish of Jefferson, as a defendant in order to effect service of process on the candidate's agent pursuant to La. R.S. 18:1407, as he is the agent for service of all political candidates in the Parish of Jefferson and is the chief elections officer for the Parish of Jefferson.

Ms. Percle further alleged that Ms. Taylor falsified her notice of candidacy, in violation of La. R.S. 18:463(A)(2)(a)(vi), by certifying that she had filed each report the Campaign Finance Disclosure Act required her to file.  Specifically, Ms. Percle alleged that insofar as Ms. Taylor registered her campaign website on March 27, 2020 (which contains the statement that it was "Paid for by The Committee to elect Leloashia Harmon-Taylor, approved by the candidate"), and launched a Facebook page announcing her candidacy on April 19, 2020, Ms. Taylor was required by La. R.S. 18:1491.1, *et seq*., to file Form 100 (regarding the designation of principal or subsidiary campaign committees) and Form 200 (Statement of Organization), within ten days of those events, and failed to do so. Ms. Percle alleged that Ms. Taylor's certification that she had filed each report required by the Campaign Finance Disclosure Act was false.

Based on these false certifications made by Ms. Taylor in her notice of candidacy regarding her qualifying information, Ms. Percle averred that Ms. Taylor's candidacy for district court judge should be disqualified.

A hearing on the matter was held on July 30, 2020.  At the hearing, Ms. Percle called Ms. Taylor and representatives from the Jefferson Parish Registrar of Voters and the Jefferson Parish Assessor's office to testify.  Philip Trupiano, Chief Deputy for the Registrar of Voters, testified that Ms. Taylor has been registered to vote at 2413 Avenue Mont Marte, Gretna, Louisiana (the "Gretna Property") since May 14, 2020.  Ms. Taylor corroborated his testimony.  Ms. Taylor further testified that she rents the Gretna Property, does not own it, and that she and her husband and children reside there.  Ms. Taylor also testified and submitted evidence that the Gretna Property is her domicile.

Timothy Porteous, a representative of the Jefferson Parish Assessor's office, testified that according to their records, the Taylors have enjoyed a homestead exemption on a condominium they own located at 2509 Guiffrias Street, Unit 606,

Metairie, Louisiana (the "Metairie Property"), from at least 2008 through July 29, 2020. Mr. Porteous's testimony was confirmed by the testimony of Ms. Taylor's husband, Matthew Taylor, who stated that he revoked the homestead exemption on the Metairie property on July 29, 2020, seven days *after* Ms. Taylor had filed her notice of candidacy. Mr. Porteous further testified that no taxes have been due on the Metairie Property since 2006 since the homestead exemption was greater than the taxable assessment on the property. He also stated that in order for a homestead exemption to exist on a property, the owner (or representative of the owner) must personally apply for a homestead exemption by verifying that he both owns and occupies the property. Moreover, if and when the person claiming the homestead exemption no longer owns and occupies the property, he is bound to immediately remove the homestead exemption. Mr. Porteous confirmed that a condo association cannot apply for a homestead exemption for or on behalf of the individual condominiums owners; each condominium owner must apply. Ms. Taylor testified that the Metairie Property is currently rented to a third party and that the Taylors have not occupied the condo for many months.

Ms. Taylor testified that she did not intend to make the false statement on July 22, 2020, when she certified in her notice of candidacy that she was registered to vote in the same precinct where she enjoyed a homestead exemption. According to Ms. Taylor, although she acknowledged that she and her husband had never paid taxes on the Metairie Property, she was unaware of the homestead exemption at the time she filed her notice of candidacy and did not personally claim the homestead exemption on the property she and her husband jointly own. Ms. Taylor contends that because she did not personally "claim" the homestead exemption, her certification on the notice of candidacy was not false.

Further, as to her certification in the notice of candidacy that she had filed all of the forms she was required to file by the Campaign Finance Disclosure Act, Ms.

20-CA-244                                    4

Taylor testified that at the time this statement was made it was not false because she did not understand that the Campaign Financial Disclosure Act required her to file Form 100 and Form 200 with the Louisiana Board of Ethics. Ms. Taylor testified that she launched her campaign for district court judge in or about March or April when she built her website and created her Facebook page. She stated that, in March or April, she personally spent more than $1,000 on professionally produced videos and production of campaign materials to promote her candidacy. Additionally, the record evidence established that Ms. Taylor was soliciting donations for her campaign during this period, and prior to filing any forms. Ms. Taylor further testified that while she chose to file her Form 100 and Form 200 with the Louisiana Board of Ethics after being served with Ms. Percle's objection to her candidacy and consulting with a lawyer, she maintained her belief that these were not forms she was required by the Campaign Finance Disclosure Act to file.

At the conclusion of the hearing, the trial court allowed the parties to file post-trial briefs. Thereafter, the trial court rendered judgment and reasons for judgment wherein he found that Ms. Taylor did, in fact, falsely certify in her notice of candidacy that she was registered to vote in the same precinct in which she claimed her homestead exemption. The trial court further found that "[Ms. Taylor's] certification that she filed each report she was required to file by the Campaign Finance Disclosure Act was incorrect." Despite these factual findings—that Ms. Taylor made two false certifications in her notice of candidacy—the trial court determined that these false certifications were not legally disqualifying. Specifically, the trial court concluded that under La. R.S. 18:492, Ms. Percle was required to prove "one or more grounds from the exclusive list" contained within the statute in order for Ms. Taylor to be disqualified. Ms. Percle's objection to Ms. Taylor's candidacy was based on La. R.S. 18:492(A)(1), *i.e.*, that Ms. Taylor "failed to qualify for the primary election in the manner prescribed by law."

20-CA-244                                        5

Despite the trial court's factual findings that Ms. Taylor made false certifications in her notice of candidacy, the trial court determined that because the homestead exemption certification and the filing of Forms 100 and 200 were not expressly enumerated in La. R.S. 18:492, it could not disqualify Ms. Taylor. Accordingly, the trial court dismissed Ms. Percle's petition.[2] Ms. Percle now seeks review of that ruling.

**Issue Presented for Review**

The issue presented for this Court's review is whether La. R.S. 18:492(A)(1)—which provides that a candidate may be disqualified for failing to "qualify for the primary election in the manner prescribed by law"—includes disqualification for a false certification made by the candidate in her notice of candidacy that she is registered to vote at the same address where she claims her homestead exemption, or a false certification by the candidate in her notice of candidacy that she has filed all of the required forms with the Board of Ethics, if any are previously due, that the Campaign Finance Disclosure Act requires her to file.

**Law and Discussion**

*Applicable Legal Principles*

The issue for review before this Court is purely a legal one. Appellate review of questions of law is simply a review of whether the trial court was legally correct or incorrect. *Buford v. Williams*, 11-568 (La. App. 5 Cir. 2/14/12), 88 So.3d 540, 545, *writ denied*, 12-264 (La. 4/27/12), 86 So.3d 630. If a decision is based on a trial court's erroneous interpretation of the law, rather than an exercise of its discretion, it is not entitled to deference. *North v. Doucet*, 18-437 (La. App. 5 Cir. 8/1/18), 253 So.3d 815, 818, *writ denied*, 18-1294 (La. 8/3/18), 249 So.3d

---

[2] The judgment was also issued in favor of Jon Gegenheimer, in his official capacity as clerk of court for the Parish of Jefferson.

829 (citing *Nixon v. Hughes*, 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, 1137).

La. Const. Art. V, § 24(A), which sets forth the qualifications for judicial candidates, provides that a judge of the district court shall have been domiciled in the respective district, circuit, or parish for one year preceding the election and shall have been admitted to the practice of law for at least eight years. It is undisputed that Ms. Taylor has been domiciled in Jefferson Parish for more than one year and will have been admitted to the practice of law for eight years preceding the election set for November 3, 2020.

In an election contest, because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to the candidacy bears the burden of proving the candidate should be disqualified. *Landiak v. Richmond*, 05-758 (La. 3/24/05), 899 So.2d 535, 541; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1049-51. A court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Becker v. Dean*, 03-2493 (La. 9/18/03), 854 So.2d 864, 869; *Russell*, 780 So.2d at 1051; *Dixon v. Hughes*, 587 So.2d 679, 680 (La. 1991).

The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. *Troclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317, *writs not considered*, 14-1909 (La. 9/12/14), 148 So.3d 572 and 14-1920 (La. 9/12/14), 148 So.3d 937. Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Becker*, 854 So.2d at 869; *Russell*, 780 So.2d at 1051; *Dixon*, 587 So.2d at 680.

### The "Manner Prescribed by Law" for Candidate Qualification

La. R.S. 18:492 sets forth the exclusive grounds upon which an objection to a candidate's qualification can be made. In the instant matter, Ms. Percle bases her disqualification claim against Ms. Taylor solely on the ground that Ms. Taylor "failed to qualify for the primary election in the manner prescribed by law." *See* La. R.S. 18:463(A)(1). The "manner prescribed by law" for qualification is the notice of candidacy and La. R.S. 18:461(A)(1), which provides that a person who desires to become a candidate in a primary election shall qualify by timely filing notice of his candidacy, which shall be accompanied … by the qualifying fee and any additional fee imposed." The requirements for the notice of candidacy and the certifications and disclosures the notice must contain are set forth in La. R.S. 18:463, which states, in pertinent part:

> A. (1)(a) A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, and the parish, ward, and precinct where he is registered to vote …
>
> * * *
> (2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
>
> (i) That he has read the notice of his candidacy.
>
> (ii) That he meets the qualifications of the office for which he is qualifying.
> * * *
>
> (v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
>
> (vi) That, if he is a major or district office candidate as defined in R.S. 18:1483, **he has filed each report he has been required to file by the Campaign Finance Disclosure Act,** if any were previously due.

\* \* \*

(viii) Except for a candidate for United States senator or representative in congress or a candidate who resides in a nursing home as defined in R.S. 40:2009.2 or in a veterans' home operated by the state or federal government,[3] that **if he claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located.**

(ix) **That all of the statements contained in it are true and correct.**

(b) The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks. [Emphasis added.]

As noted previously herein, La. R.S.18:463 was amended in 2019 to include the requirement that a candidate certify in his notice of candidacy that, if he claims a homestead exemption, his voter registration is located in the same precinct where the property upon which he claims the exemption is located.

Here, in her notice of candidacy, Ms. Taylor swore that:

6) I have read this Notice of Candidacy …

\* \* \*

8) If I am a candidate for any office other than United States senator or representative in congress, that **if I claim a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, I am registered and vote in the precinct in which that residence is located,** unless I reside in a nursing home as defined in La. R.S. 20:2009.2 or in a veterans' home operated by the state or federal government.

\* \* \*

11) If I am a candidate for a major or district office as defined in La. R.S. 18:1483, **I have filed each report that I have been required to file by the Campaign Finance Disclosure Act,** if any were previously due. [Emphasis added.]

\* \* \*

---

[3]     It is undisputed that Ms. Taylor does not reside in either a nursing home or a veterans' home.  *See* La. R.S. 18:461(2)(a)(viii).

14) **All the statements contained herein are true and correct.**

The trial court found, and we agree, that based on the uncontroverted evidence and testimony presented at the hearing, the certifications Ms. Taylor made in her notice of candidacy with respect to the homestead exemption and the filing of the reports she was required to file with the Louisiana Ethics Board were false. However, the trial court made a legal determination that because making false statements on the notice of candidacy is not one of the seven enumerated reasons listed in La. R.S. 18:492(A) "for objecting to a candidacy of a person," the falsity of Ms. Taylor's statements were not disqualifying to Ms. Taylor's candidacy. We find the trial court's legal interpretation of La. R.S. 18:492 was clearly wrong.

La. R.S. 18:492(A) provides for the following specific objections:

(1) The defendant failed to qualify for the primary election in the manner prescribed by law.

(2) The defendant failed to qualify for the primary election within the time prescribed by law.

(3) The defendant does not meet the qualifications for the office he seeks in the primary election.

(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.

(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).

(6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S.

18:463(A)(2), or was not required to file either a federal or state income tax return or both.

As previously stated, Ms. Percle's objection to Ms. Taylor's candidacy seeking her disqualification is based solely on the first grounds enumerated in La. R.S. 492(A)(1). That is, that Ms. Taylor failed to qualify in the manner prescribed by law. The "manner for qualifying" in La. R.S. 18:461 is the filing of an accurate notice of candidacy, under oath, accompanied by the qualifying fee. According to the trial judge's interpretation of La. R.S. 18:492, even though La. R.S. 18:463(A) requires a candidate to certify by affidavit nine separate requirements in his notice of candidacy, a candidate is only subject to disqualification for making false certifications if the false certification he made in his notice of candidacy is with regard to subjections (5), (6), or (7); *i.e.*, that he does not owe fines, fees or penalties pursuant to the Campaign Finance Disclosure Act or the Code of Governmental Ethics, or that for the previous five years, he filed his federal and state income tax returns, filed for extensions of time, or was not required to file such returns. This interpretation of the statute would render meaningless the remaining language of La. R.S. 18:463(A)(1) and is inaccurate. Therefore, we find that any information in the notice of candidacy that correlates to subsection (1) through (7) of La. R.S. 18:463(A), and that requires a candidate's certification by affidavit, is substantive and/or material information. Any inaccuracies, mistakes or false statements made in the notice of candidacy concerning or regarding this substantive and/or material information are grounds for disqualification under La. R.S. 18:492(A)(1). This interpretation is what gives effect to La. R.S. 18:461(A).

This Court, in *Joseph v. Trosclair*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317, *writ not considered*, 14-1909 (La. 9/12/14), 148 So.3d 572, *and writ not considered*, 14-1920 (La. 9/12/14), 148 So.3d 937, considered the issue of whether a candidate may be disqualified pursuant La. R.S. 18:492(A)(1) for

"failing to qualify for the principal election in the manner prescribed by law," when the notice of candidacy contained information certified by the candidate that was inaccurate or in error. There, we held that a notice of candidacy must be "free from errors" and "satisfy the legal requirements of accuracy when it is filed." *Id.* In *Trosclair*, the candidate qualified for District Court Judge in St. John the Baptist Parish as a Democrat, but her party affiliation listed on her voter registration was "None." *Id.* at 316. The trial judge disqualified her candidacy due to the inaccurate statement on her qualifying form, which statement the candidate certified as true and correct. In affirming the trial court's ruling, we found that the error the candidate made concerned "material information that is required by law to be accurate so that balloting can be properly published" and that "Ms. Joseph's failure to properly declare her party affiliation on her notice of candidacy has disqualified her from candidacy." *Id.* at 318-19.

In *Trosclair*, as in this case, the candidate's notice of candidacy contained at least one, if not two, substantive false statements that the candidate certified as true and correct in her notice of candidacy. Even though the evidence showed that the candidate attempted to remedy the issues after the suit to disqualify was filed, she was nevertheless disqualified because the defects could not be remedied after the fact.

What is at stake here is no less than the integrity of the process of qualifying for public office. To allow a candidate to include false or inaccurate information under oath, without allowing the corresponding remedy of disqualification for making false statements will render the affidavit meaningless. In the case *sub judice*, Ms. Taylor does not dispute the trial court's factual findings that the statements she made in her notice of candidacy about her homestead exemption/voter registration and the filing of forms required by the Louisiana Ethics Board were false. These particular statements were contained in a section

of the notice of candidacy that required Ms. Taylor's certification under oath that the statements were true and correct. Ms. Taylor does not contest the trial court's finding that she, in fact, falsely certified these statements as true and correct in her notice of candidacy. Based upon our prior ruling in *Trosclair*, and having determined herein that any information contained in a notice of candidacy that requires the candidate's certification by affidavit constitutes substantive and/or material information, and that inaccuracies or falsities made by the candidate regarding this information are grounds for disqualification under La. R.S. 18:492(A)(1), we find that the false certifications made by Ms. Taylor in her notice of candidacy disqualify her from candidacy in the primary election for the district court judge's race. The trial court committed reversible error in concluding otherwise. *See also*, *Senegal v. Obafunwa*, 99-1449, (La. App. 3 Cir. 9/27/99), 745 So.2d 74, 76; *Madden v. Edwards*, 436 So.2d 759, 760 (La. App. 1st Cir. 1983), *writ denied sub nom. Madden v. Musmeci*, 437 So.2d 287 (La. 1983), *and writ denied*, 437 So.2d 287 (La. 1983).

## DECREE

For the foregoing reasons, we reverse the trial judge as a matter of law, and we hereby find that defendant, Leloashia Harmon Taylor, shall be disqualified for the office of Judge, Twenty-Fourth Judicial District Court, Division "M."

**REVERSED**

SUSAN E. PERCLE                             NO. 20-CA-244


VERSUS                                      FIFTH CIRCUIT


LELOASHIA HARMON TAYLOR AND                 COURT OF APPEAL
JON GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR
THE PARISH OF JEFFERSON, STATE              STATE OF LOUISIANA
OF LOUISIANA



**CHAISSON, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's opinion to reverse the trial court's ruling that dismissed the petition to disqualify Ms. Taylor's candidacy for Judge of Division "M" of the 24th Judicial District Court. I agree with the trial court's detailed reasoning and analysis in reaching its decision to not disqualify Ms. Taylor as a candidate for the subject office.

Although the majority opinion acknowledges the legal principles that election laws "must be interpreted to give the electorate the widest possible choice of candidates," the court must "liberally construe the laws governing the conduct of elections so as to promote rather than defeat candidacy," and "doubts as to the qualifications of a candidate should be resolved in favor of allowing a candidate to run for public office," the majority then proceeds to disregard these principles in favor of an arguably incorrect interpretation of La. R.S. 18:492 that further disregards its plain language and adds a new judicial rule not supported by that language.

La. R.S. 18:492(A) states:

An action objecting to the candidacy of a person who qualified as a candidate in a primary election *shall* be based on one or more of the following grounds:

(1) The defendant failed to qualify for the primary election in the manner prescribed by law.

(2) The defendant failed to qualify for the primary election within the time prescribed by law.

(3) The defendant does not meet the qualifications for the office he seeks in the primary election.

(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.

(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).

(6) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

(Emphasis added).

The statute uses the mandatory "shall" and thus enumerates the exclusive grounds upon which a candidate in a primary election may be challenged and disqualified. Although the Legislature, in subsections (5) thru (7), expressly provides for disqualification on the grounds of false certifications in the Notice of Candidacy, those subsections deal with discrete and specific certifications required by La. R.S. 18:463(A)(2). La. R.S. 18:492(A) is silent as to disqualification on the grounds of inaccuracies or falsities in any of the other certifications required by La. R.S. 18:463(A)(2). It is presumed that the Legislature was well aware of all of the

certifications required by La. R.S. 18:463(A)(2) when it adopted La. R.S. 18:492(A).

The two false certifications alleged by Ms. Percle (that the candidate "has filed each report he has been required to file by the Campaign Finance disclosure Act, if any were previously due" under La. R.S.18:463(2)(a)(vi), and that the candidate "claims a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, he is registered and votes in the precinct in which that residence is located" under La. R.S. 18:463(2)(a)(viii)), do not appear in La. R.S. 18:492(A) as grounds for disqualification. Cognizant of this fact, Ms. Percle alleges the ground for disqualification of Ms. Taylor pursuant to La. R.S. 18:492(A)(1), *i.e.*, failure to qualify "in the manner prescribed by law," proposing an interpretation of that provision to include errors, inaccuracies or falsities in a candidate's Notice of Candidacy that are of a "material" or "substantive" nature. The trial court declined to adopt such a broad and expansive interpretation of La. R.S. 18:492(A)(1).[1]

In contrast, the majority of this Court, in my opinion, does adopt a broad and expansive interpretation of La. R.S. 18:492(A)(1), specifically finding that an "accurate" Notice of Candidacy is required. The majority further finds that "any information in the notice of candidacy that requires a candidate's *certification by affidavit*, is substantive and/or material information. And, any inaccuracies, misstatements or false statements made in the notice of candidacy concerning or regarding this substantive and/or material information are grounds for disqualification under La. R.S. 18:492(A)(1)." (Emphasis added). It appears that

---

[1] It is also important to note there is no dispute that Ms. Taylor has met the qualifications for judicial candidates set forth in La. Const. art. V, 24(A), namely that Ms. Taylor has been domiciled in the district for one year prior to the election and that she has been admitted to the practice of law for eight years preceding the November 3, 2020 election.

the majority's test for determining which statements are substantive and/or material turns upon whether the statement is one that requires the candidate's "certification by affidavit."[2]

I am also concerned that the majority's test for determining which statements are substantive and/or material makes no distinction between statements that are clearly false statements and those that are legitimately honest mistakes, giving no consideration to the intent of the candidate. The majority states that Ms. Taylor has acknowledged that the incorrect statements were "false," implying to me that Ms. Taylor intentionally made the misrepresentations. However, Ms. Taylor testified that she was not aware of the homestead exemption taken on the Metairie property by her husband and that she did not believe that she had any reports due pursuant to the Campaign Finance Disclosure Act, clearly an indication that her misstatements were inadvertent.[3] In my opinion, if a judicial rule is to be created regarding false or inaccurate statements outside of those identified in La. R.S. 18:492(A), then a distinction should be made between those that are unintended error and those that are deliberately fraudulent.

Of apparent concern to the majority is that the trial court's interpretation of La. R.S. 18:492(A)(1) "would render meaningless the language of La. R.S. 18:463(A)(2)." I respectfully disagree. La. R.S. 18:463(A)(2) simply enumerates a list of declarations to be executed on the notice of candidacy; it does not contain a penalty provision stating that a candidate shall be disqualified should any of those enumerated statements later be proven false or inaccurate. La. R.S.

---

[2] I note that in *Trosclair v. Becnel*, 14-676 (La. App. 5 Cir. 9/9/14), 150 So.3d 324, this Court summarily rejected one of the grounds of disqualification alleged by Ms. Trosclair (*i.e.*, that Judge Becnel failed to "swear an oath" when filing her Notice of Candidacy), by finding that La. R.S. 18:463 does not require a candidate to "swear an oath." 150 So.3d at 328.

[3] Whether such explanations are reasonable and believable would be a determination for trial courts faced with such explanations, but only if the judicial rule established by the majority draws a distinction between unintended error and those that are deliberately fraudulent.

18:492(A)(5)-(7) clearly and explicitly provides which false certifications will potentially result in disqualification should a candidate be challenged and the false certification be proven.[4]

In *Trosclair v. Becnel*, 14-676 (La. App. 5 Cir. 9/9/14), 150 So.3d 324, this Court, citing *Hamilton v. Royal Int'l Petroleum Corp.*, 05-846 (La. 2/22/06), 934 So.2d 25, 33, stated: [I]t is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so." 150 So.3d at 327-28.  In my opinion, the majority in this case provides the penalty provision that the Legislature chose not to provide.  The Legislature could have easily provided in La. R.S. 18:492 that ***any*** false or inaccurate certification in the Notice of Candidacy would result in disqualification, yet it chose to expressly provide for disqualification for only three very specific and limited instances of false certifications, despite knowing that an additional six certifications are required in the Notice of Candidacy.  In my opinion, providing express grounds for disqualification based upon false certifications, to the exclusion of others, is deliberate on the part of the Legislature.

An alternative, and reasonable, interpretation of La. R.S. 18:492(A)(1) is that any prospective candidate that satisfies the requirements of La. R.S. 18:461, entitled "manner of qualifying," by filing a timely Notice of Candidacy accompanied by the qualifying fee and any additional fee imposed will have qualified in the "manner prescribed by law" pursuant to La. R.S. 18:492(A)(1).  It is undisputed in this case that Ms. Taylor did file her Notice of Candidacy timely and paid the required fees.

---

[4] While I acknowledge that a persuasive argument can be made that the law should provide for disqualification of a candidate that makes *any* false certification in her Notice of Candidacy, I am of the opinion that such a policy determination is best left to the Legislature, not to a judicially created rule not contained within the text of the disqualification statute.

In my opinion, the majority's interpretation of La. R.S. 18:492(A)(1) renders meaningless the language of La. R.S. 18:492(A)(5)-(7) regarding false certifications.[5] In La. R.S. 18:492(A)(5)-(7), the Legislature has determined which false certifications of items set forth in La. R.S. 18:463(A)(2) are grounds for disqualification. La. R.S. 18:492 simply does not state that *any* false certification on the Notice of Candidacy is grounds for disqualification, nor does it state that any "substantive" or "material" false certifications are grounds for disqualification.

Statutory interpretation is a process the courts engage in when the language of a statute is susceptible of different meanings. In order to reach the language of La. R.S. 18:463 so crucial to the majority's interpretation of La. R.S. 18:492, it had to reach beyond the text of La. R.S. 18:492 itself. According to longstanding principles of judicial interpretation, this should only be done when the words of a statute are ambiguous or susceptible to different meanings. La. C.C. arts. 10, 12. Though not explicitly stated, the majority's reasoning relies on a finding that the phrase "in the manner prescribed by law" of La. R.S. 18:492(A)(1) is ambiguous or unclear.

If these words are indeed ambiguous, then the majority's interpretation may be considered a reasonable one. However, the alternative interpretation, set forth by the trial court, is also reasonable. Indeed, for something to be ambiguous requires it to be susceptible to two or more reasonable interpretations. If there are two or more reasonable legal interpretations of La. R.S. 18:492 before us, then the Court must choose the interpretation that gives the electorate the widest possible set of candidates and construe the laws so as to promote rather than defeat candidacy. The majority's interpretation disqualifies Ms. Taylor, one of only two

_____

[5] If *any* false or inaccurate certification in the Notice of Candidacy is grounds for disqualification, then the language of La. R.S. 18:492(A)(5)-(7) is superfluous.

candidates in this race, which means the electorate will have no meaningful choice of candidate.

By reaching this conclusion, I do not in any way condone or encourage candidates to be untruthful or careless in their Notice of Candidacy and, as a result thereof, not face the consequence of possible disqualification. However, it is the province of the legislature to write the laws and the courts to enforce the laws as written, and thus, if the legislature desires that the two items pertinent herein to be grounds for disqualification, then it should specifically say so, like it did in sections (5), (6), and (7) of La. R.S. 18:492(A).

For the stated reasons, I find that Ms. Percle has failed to prove any ground for disqualification of Ms. Taylor pursuant to La. R.S. 18:492. I therefore would affirm the judgment of the trial court and allow Ms. Taylor to remain a candidate for the office of Judge, Twenty-Fourth Judicial District Court, Division "M."

SUSAN E. PERCLE

VERSUS

LELOASHIA HARMON TAYLOR AND JON
GEGENHEIMER, IN HIS OFFICIAL CAPACITY
AS CLERK OF COURT FOR THE PARISH OF
JEFFERSON, STATE OF LOUISIANA

NO. 20-CA-244

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## GRAVOIS, J., DISSENTS AND ASSIGNS REASONS

I respectfully dissent for all of the reasons assigned by Judge Chaisson.

I further want to add that although the majority relies upon *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317, *writ not considered*, 14-1909 (La. 9/12/14), 148 So.3d 572, *and writ not considered*, 14-1920 (La. 9/12/14), 148 So.3d 937, I find that case both factually and legally distinguishable. In *Trosclair*, the candidate qualified for District Court Judge in St. John the Baptist Parish as a Democrat, but her party affiliation listed on her voter registration was "None." *Id*. at 316. The candidate's party affiliation was material information required for balloting to be published by the Secretary of State, and the error in question, the discrepancy between the party affiliation listed on her voter registration and on her qualifying documents, could not be corrected after the fact, and thus served as a basis for disqualifying the candidate. Here, the alleged false or incorrect information provided by Ms. Taylor is not material information required for balloting or publication by the Secretary of State, and therefore, in my opinion, La. R.S. 18:492 does not provide the remedy of disqualification therefor.

20-CA-244                                  1

For the foregoing reasons, I respectfully dissent and would affirm the ruling of the trial court that dismissed the petition objecting to the candidacy of Ms. Taylor.

SUSAN E. PERCLE                                 NO. 20-CA-244

VERSUS                                          FIFTH CIRCUIT

LELOASHIA HARMON TAYLOR AND JON                 COURT OF APPEAL
GEGENHEIMER, IN HIS OFFICIAL CAPACITY
AS CLERK OF COURT FOR THE PARISH OF
JEFFERSON, STATE OF LOUISIANA                   STATE OF LOUISIANA


## JOHNSON, J., DISSENTS WITH REASONS

I, respectfully, dissent from the majority opinion in this matter that Leloashia Harmon-Taylor failed to qualify for the primary election in the manner prescribed by law as a candidate for Judge, Twenty-Fourth Judicial District Court, Division "M." In her petition, Susan Percle ("Ms. Percle") objected to Ms. Harmon-Taylor's qualification on the grounds that Ms. Harmon-Taylor "failed to qualify for the primary election in the manner prescribed by law" pursuant to La. R.S. 18:492(A)(1). The trial judge correctly interpreted La. R.S. 18:461, 18:463, and 18:492.

The trial court correctly determined that a person who desires to qualify as a candidate in the manner prescribed by law, enumerated in La. R.S. 18:461, *shall* qualify as a candidate upon timely filing of the notice of candidacy, accompanied by either a nominating petition or a qualifying fee. Ms. Percle did not allege that Mrs. Harmon-Taylor failed to timely file her notice of candidacy, nominating petition, or qualifying fee. Therefore, Ms. Percle did not meet her burden of proving a ground for an objection to candidacy and her objection to Mrs. Harmon-Taylor's candidacy cannot be sustained.

20-CA-244                        1

I strongly disagree with the majority's assertion that the trial court's interpretation of La. R.S. 18:492(A)(1) is inaccurate. The legislature listed seven grounds for an objection to candidacy. A plain reading of the language of the statute suggests that the list of grounds provided by La. R.S. 18:492 is definitive and exclusive. The legislature did not add language, such as "***including, but not limited to***", when itemizing the grounds for objection that may disqualify a potential candidate. Unlike the list of examples included in (a) the definition of domestic abuse in La. R.S. 46:2132; or (b) the relief granted by a protective order pursuant to La. R.S. 46:1236(A); or (c) the recreational purposes outlined in La. R.S. 9:2795, which are prefaced by the phrase "***including, but not limited to***", the list of grounds for an objection specified in La. R.S. 18:492 is exhaustive, comprehensive, and complete. Legislation is a solemn expression of legislative will. La. C.C. art. 2. The legislature did not choose to make false certification of any of the affirmations included in the notice of candidacy pursuant to La. R.S. 18:463(A)(2)(a) grounds for an objection. Instead, the legislature only contemplated disqualifying an otherwise qualified candidate in a few instances. A candidate who timely qualifies, in the manner prescribed by law, and meets the qualifications of the office may be disqualified when a candidate falsely certified that: (1) no outstanding fines, fees, or penalties were owed pursuant to the Campaign Finance Disclosure Act (CDNA); or (2) no outstanding fines, fees, or penalties were owed pursuant to the Code of Governmental Ethics; or (3) that the last five years' state and federal tax returns were filed timely, if a candidate were required to file, or an extension of time was requested.

I would also argue that the trial court's interpretation does not render the language of La. R.S. 18:461 meaningless. The trial court correctly found that Mrs. Harmon-Taylor falsely certified that she was registered to vote in the precinct in

which she claimed a homestead exemption as required by La. R.S. 18:463(A)(2)(a)(viii). Mrs. Harmon-Taylor also falsely certified that she filed all reports required by the CDNA required of her as a district office candidate by La. R.S. 18:463(A)(2)(a)(v). Mrs. Harmon-Taylor's notice of candidacy is public record. An interested party could certainly inform the electorate of the inaccurate certifications. The electorate, if given a chance, can decide if and how these offenses will impact her suitability as a candidate.

> "[E]lection laws do not "indicate that it was the purpose of the law makers to obstruct with mere technical difficulties, the exercise of the right, which every citizen has, to seek the approval of his political associates, or of the public at large. 'To the contrary, the whole spirit of the legislation is to encourage the multiplication of worthy candidates for nominations to public office, in order that the body of voters constituting a political party, or constituting the electorate at large, may have the benefit of a choice, and not be compelled to accept candidates chosen by the minority or thrust upon them in some other way.'"

*Roe v. Picou*, 361 So.2d 874, 878 (La. 1978) *citing Langridge v. Dauenhauer*, 120 La. 450, 452-53, 45 So. 387, 388 (La. 1908).

Further, the CDNA contemplates violations by any ***candidate***, the treasurer or chairman of a political committee, or any other person required to file any reports. *See* La. R.S. 18:1505.4-1505.6. Through the CDNA, the legislature also established a supervisory committee, composed of the members of the Board of Ethics, charged with administering and enforcing the provisions of the act, and empowered to investigate suspected and alleged violations. La. R.S. 18:1511.1 and18:1511.4. The law, as it stands, assigns the duty of addressing claims of CDNA violations primarily to the supervisory committee and not to the courts. Similarly, if the candidate violated the Judicial Code of Conduct, the Supreme

Court, upon recommendation from the Judiciary Commission, is authorized to discipline the wrongdoer.

Respectfully, in my opinion the majority's holding in the case *sub judice*, and in *Trosclair,* in which I also filed a dissent, is wrong. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.

> The legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter. Under longstanding rules of statutory construction, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. Thus, a statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the legislature had in enacting it. In addition, a general rule of statutory construction is that a specific statute controls over a broader, more general statute.

> It is a fundamental rule that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Id. Also, there is a presumption that those who enact statutory provisions act deliberately and with full knowledge of existing laws on the same subject, with knowledge of the effect of their act and a purpose in view.

*Capital City Press, L.L.C. v. Louisiana State Univ. Sys. Bd. of Sup'rs*, 13-01(La. App. 1 Cir. 12/30/14); 168 So.3d 727, 737–38, *writ denied*, 15-209 (La. 4/17/15); 168 So.3d 401. Reading the relevant statutes and code articles together supports a finding that the legislature did not intend for every error, or even every substantive error, to disqualify otherwise qualified candidates.

*Edwards* is also distinguishable from the instant case because Edwards did not attach his financial statement to his notice of candidacy. Affixing that statement to the notice was the manner of qualifying prescribed by the law at that time.

For the foregoing reasons, I find that, although Petitioner proved (and Mrs. Taylor-Harmon admitted during testimony) that Mrs. Harmon-Taylor falsely certified on her notice of candidacy that she submitted the forms required by the CDNA and the home on which her family enjoyed a homestead exemption was not in the same precinct as the precinct in which she was registered to vote, the trial court did not commit legal error when it found that the petitioner did not prove a ground for an objection to Mrs. Taylor-Harmon's candidacy. Accordingly, I would affirm the trial court's judgment, dismiss Ms. Percle's objection, and allow Mrs. Harmon-Taylor to run for the office of Judge, Twenty-Fourth Judicial District Court, Division "M."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-244**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
BRITTANY D. ROGERS (APPELLANT)
STEPHEN M. PETIT, JR. (APPELLANT)

M. SUZANNE MONTERO (APPELLANT)
LELOASHIA TAYLOR (APPELLEE)

SCOTT L. STERNBERG (APPELLANT)
CAREY B. DASTE (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED